COLEMAN *v.* COLEMAN.

Opinion delivered December 3, 1906.

1. ADOPTION—SUFFICIENCY OF ORDER.—Under Kirby's Digest, § 1342, providing that a petition for adoption of a child shall state "whether

such child has either father or mother living, and, if so, where they reside," an order of adoption which recites the mother's death and that "the residence of the father, if living, is unknown to petitioner," shows a substantial compliance with the statute. (Page 11.)

2. APPEAL—PRESUMPTION AS TO SILENCE OF RECORD—Where the transcript on appeal fails to bring up the petition, upon which an order of adoption was based, it will be presumed on collateral attack that the petition complied with the statutory requirements. (Page 12.)

3. SAME—COLLATERAL ATTACK.—Under Kirby's Digest, § 1345, providing that the probate court "shall not adopt such child if it have a father or mother living, unless such father or mother appear in open court and give consent thereto, provided that if such petitioner show by two competent witnesses that the residence of such father or mother be unknown, then such court may order the adoption of such child," an order of adoption is not void on collateral attack because it does not recite that it was shown by two witnesses that the residence of the father was unknown. (Page 12.)

Appeal from Howard Chancery Court; *James D. Shaver,* Chancellor; affirmed.

### STATEMENT BY THE COURT.

In 1895 J. W. Bowlen, the father of John Bowlen, an infant child about a year old whose mother was dead, apprenticed his infant son to D. L. Coleman of Howard County, Arkansas, during the full period of his minority. The articles of apprenticeship specified that D. L. Coleman should furnish the infant, John Bowlen, with board, lodging, medicine and other necessaries, send him to school one-fourth of the time after he arrived at seven years of age, and on the other hand that the apprentice should correctly conduct himself and serve D. L. Coleman until he arrived at the age of twenty-one years.

Coleman and his wife had no children of their own, and, becoming attached to the boy that had been entrusted to their care, they concluded to adopt him. To carry out this purpose, D. L. Coleman in 1900 filed a petition in the probate court asking to be permitted to adopt the child, John Bowlen.

The probate court entered the following judgment on this petition:

"Probate Court of Howard County, July Term July 16, 1900.

"In the matter of the adoption of John Walter Bowlen by D. L. Coleman:

"On this day the court examines the petition filed herein by D. L. Coleman for the adoption of John Bowlen, a resident of said county and State, and having him take the name of John Walter Coleman, and be entitled to all the rights and interest in the estate of the petitioner, D. L. Coleman, by descent or otherwise, to all intents and purposes as if the said John Walter Coleman were the natural heir at law of said petitioner; the age of said child being five years and seven months, and he being possessed of no property of any description; that the mother of said boy died soon after his birth, and the residence of the father, if living, is unknown to petitioner; that, if permitted to adopt said boy, he will occupy the same position towards him as if he were his natural father, and in every way be liable for his proper maintenance, support and education, and the court doth grant said petition. It is therefore considered and ordered by the court that D. L. Coleman have the custody and control of the five-year old male child known heretofore as 'John Bowlen', and that he maintain and educate him, and that the name of the child hereafter be John Walter Coleman, and that to all intents and purposes the said John Walter Coleman shall be an heir at law of the said petitioner D. L. Coleman."

D. L. Coleman died in 1904, and his wife, Ellen Coleman administered on his estate. Afterwards Heenan Coleman, a brother of D. L. Coleman, brought this action in the Howard Chancery Court, in which he claimed to be the next of kin and heir of D. L. Coleman, deceased.

Ellen Coleman appeared, and denied that the plaintiff was the heir of D. L. Coleman, and she further set out the adoption proceedings, and alleged that the adopted child, John Walter Coleman, who survived D. L. Coleman, was his heir, and that plaintiff had no legal interest in the property left by D. L. Coleman.

On the hearing the chancellor sustained the answer, and held that John Walter Bowlen had been legally adopted by D. L. Coleman, and was entitled to inherit his estate. He thereupon dismissed the complaint for want of equity, and plaintiff appealed.

*W. C. Rodgers,* for appellant.

1.   For the law of adoption, see Kirby's Digest, § § 1341, *et seq.*   The matter of adoption is not within the common-law nor constitutional jurisdiction of courts of probate; and where jurisdiction is conferred by special statute, which is to be exercised in a special manner, the judgment can only be supported by a record which shows jurisdiction, and no presumptions as to jurisdiction will be indulged.   59 Ark. 483.   The court can not adopt the child if its father or mother be alive, unless the parent appear in open court and consent, or unless it is shown by two competent witnesses that the residence of the father or mother is unknown.   This is a jurisdictional fact, the absence of which from the record renders the judgment void upon collateral attack.   *Id.*   Jurisdictional facts can not rest in parol.   *Id.*

2.   The status of the adopted child must be fixed in the lifetime of the *quasi* parent.   In this case the adopted parent asked for no correction or amendment in the form of the order of adoption, and it remained as originally entered until after his death—about five years.   The child asked no change in the form of the judgment, and the administratrix was without authority of law to do so.   It is conceded that in a proper case a judgment may be made to speak the truth by *nunc pro tunc* entry, but this should never be attempted at the instance of a stranger to the record and without notice to the parties interested.

3.   Plaintiff should have been permitted to show that at the time of the adoption proceedings the child's father lived in an adjoining county.

*Feazel & Bishop* and *D. B. Sain,* for appellee.

1.   The child at 18 months of age had been voluntarily apprenticed to D. L. Coleman for a period of 21 years, and the father then disappeared, never having been seen nor heard from, so far as the proof shows, from that time.   When, five years thereafter, Coleman asked leave of the probate court to enlarge the child's rights by adopting him, and the order was made, this was manifestly to the interest of the child, of which appellant is in no position to complain.   The judgment of adoption will be presumed to have been founded upon sufficient legal evidence.   20 Ark. 85.   The probate court is a court of superior jurisdiction, and

where its jurisdiction is rightfully acquired its judgments can not be attacked collaterally. 52 Ark. 341.

2. If there were any omissions in the recitals in the judgment of adoption, the probate court undoubtedly had power to correct it, notwithstanding five years had elapsed, and the judge who made the former order was dead. 75 Ark. 12; 23 Ala. 284; 2 How. (U. S.), 263; 8 Pick. 115; 40 Ark. 224.

3. Appellant, being a stranger to the record, was not entitled to notice of the *nunc pro tunc* proceedings; but it is not conceded that notice was necessary, even if appellant had been a proper party to the proceeding, for the power of courts to correct their records is not dependent upon notice. 35 Ark. 278.

RIDDICK, J., (after stating the facts.) This is an appeal by Heenan Coleman, a brother of D. L. Coleman, deceased, from a judgment of the chancery court of Howard County holding that an order of adoption made by the probate court of that county on the petition of D. L. Coleman was a valid order, and had the effect to make the adopted child the heir of Coleman. The petition upon which this order of adoption was made is not set out in the record, but the recitals in the order itself show all the jurisdictional facts required by the statute.

The language of the statute is that "any person desirous of adopting any child may file his petition therefor in the probate court in the county where such child resides." Kirby's Digest, § 1341.

"Such petition shall specify, first, the name of such petitioner; second, the name of such child, its age, whether it has any property, and, if so, how much; third, whether such child has either father or mother living, and, if so, where they reside." *Id.* § 1342.

This court in the case of *Morris* v. *Dooley,* 59 Ark. 483, held that, in addition to the facts which are expressly required to be stated in the petition, it must be shown either in the petition or in the order of adoption that the child was a resident of the county where the order was made, for that in the opinion of the court was necessary to show that the court had jurisdiction.

The only objection made to the order under consideration here is that it does not show that the father was not living, or state that it was shown by two witnesses that the residence of the

father was unknown. The statute from which we have quoted above requires that the petition for adoption shall, among other matters, state "whether such child has either father or mother living, and, if so, where they reside." As before stated, the petition on which this order was made is not set out, but the order recites on this point "that the mother of said boy died soon after his birth, and the residence of the father, if living, is unknown to petitioner." We understand from this that it was alleged, in substance, that the mother was dead, and that the residence of the father was unknown. This was a substantial compliance with the statute. Moreover, the petition not being set out in the record, it will be presumed that it complied with the statute.

Another section of the statute provides that the court "shall not adopt such child if it have a father or mother living, unless such father or mother appear in open court and give consent thereto, provided, that if such petitioner show by two competent witnesses that the residence of such father or mother be unknown, then such court may order the adoption of such child." *Id.*, § 1345. Appellant contends that the order is void and subject to collateral attack because it does not recite that it was shown by two witness that the residence of the father was unknown. But the jurisdiction of the court did not, in our opinion, depend on such evidence, nor was it necessary to make such a recital in the record. Making the order of adoption without such proof would be error, and might·be ground to set such order of adoption aside on petition of the father of the adopted·child, but neither D. L. Coleman, on whose petition the order of adoption was made, nor any one claiming through him, as plaintiff does, would be allowed to object to the judgment on that ground. *Nugent* v. *Powell,* 4 Wyoming, 173, 62 Am. St. Rep. 17; *Van Matre* v. *Sankey,* 148 Ill. 553, 39 Am. St Rep. 196, and note; In re *Williams,* 102 Cal. 70; *Appeal of Wolf,* 13 Atlantic Rep. (Pa.), 760.

For the reasons stated, we are of the opinion that the order of adoption was valid, and that the decree of the chancellor upholding same was right.

Judgment affirmed.