AVERY *v.* AVERY.

Opinion delivered October 15, 1923.

1. ADOPTION—COLLATERAL ATTACK.—Where a record of the probate court in the matter of the adoption of a child recites that the child is a resident of the county, such fact cannot be controverted by proof *aliunde*.

2. ADOPTION—REGULARITY OF PROCEEDING.—Where the record in adoption proceedings recites that the natural father of the child appeared in open court and petitioned for the child to be adopted by himself, and the mother, by affidavit filed in court, assented to the adoption, whereupon the order was made, a substantial compliance with Crawford & Moses' Digest, § 256, is shown.

3. ADOPTION—FRAUD IN PROCURING ORDER—COLLATERAL ATTACK.— Where an order for the adoption of a minor child is entered in due form, the person adopting the child and all others claiming as his heirs are estopped to question the validity of the proceedings on the ground of fraud in its procurement not shown upon the face of the record.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed.

*Philip McNemer,* for appellant.

1. There being no statute in this State forbidding, Avery could lawfully adopt the child without his wife joining in or consenting thereto. 1 Cyc. 198; 1 C. J. 1375, par. 8.

2. The jurisdictional fact, residence of the child in the county, is plainly stated in the judgment. It is not open to collateral attack. 81 Ark. 9; 59 Ark. 483; 16

Am. Law Rep. 1020; 1 Black on Judgments, 359; 1 C. J. 1394, par. 114; *Id.* 1393, par. 49 and cases cited; 156 Ark. 331; 92 Ark. 236; 72 Ark. 299; 100 Ark. 63; 1 R. C. L. 626, par. 38; *Id.* 625, note 8; 1 Cyc. 928; 23 L. R. A. 665; 1 C. J. 1392, par. 105, notes 19 and 22; 30 L. R. A. (N. S.) 159.

3. As to the consent of the mother of the child in this case, there was a substantial compliance with the statute in that respect, and that is sufficient. 59 Ark. 483; 1 Cyc. 919; 1 R. C. L. 595; 1 C. J. 1373, §§ 4 and 5, and note 31; 86 Ark. 478; 81 Ark. 7; 102 Cal. 70; 41 Am. St. Rep. 163; C. & M. Dig. § 9751; 1 C. J. p. 1382, § 39; *Id.* p. 1384, § 57; *Id.* p. 1385, § 68; *Id.* p. 1390, §§ 95, 96, 99; *Id.* p. 1389, § 92.

*J. H. Carmichael,* for appellee.

1. The order of adoption is void. The child was not a resident of the county, but, if she was an illegitimate child, her domicile and residence was that of her mother, to-wit: Greenville, Miss. 9 R. C. L. 548, § 10; 49 L. R. A. (N. S.) 860, 863. If she was a legitimate child, her residence was that of her father, viz: in Jefferson County. According to the statements in his complaint for divorce against the mother, they were living together when this child was begotten. 117 Ark. 113. And this brings the case within the decision of *Morris* v. *Dooley,* 59 Ark. 483.

2. The order is void on its face because it affirmatively shows that the mother of the child appeared by affidavit and not in open court. C. & M. Dig. § 256; Words and Phrases, ''Open Court''; 86 Ark. 478, 479; 123 Ark. 383. The order is subject to attack by any one interested. 16 A. L. R. 1024; 17 Ore. 204. Every fact necessary to show jurisdiction must appear of record. 123 Ark. 195; *Id.* 211; *Id.* 383; 54 Ark. 627.

WOOD, J. This action was instituted by the appellant against the appellees in the Pulaski Chancery Court. Appellant alleges in her complaint that she is the sole heir of James Avery, deceased, who died intestate in

Pulaski County, Arkansas, on December 30, 1920; that she was adopted by James Avery as his heir on the 25th of June, 1909, in the Pulaski Probate Court; that Avery owned, at the time of his death, certain real property in Pulaski County and Garland County, which is described in the complaint; that the report of the administrator of Avery's estate shows that he had sufficient personal property to pay all debts. She alleges that the appellee is the widow of James Avery and is denying the rights of the appellant in and to the realty mentioned. She prayed that an order be made setting aside to the appellee her dower interest in the property mentioned, and that the right, title, and interest of appellant as heir of Avery be declared and quieted in her.

The appellee, in her answer, denied that the appellant was the heir of James Avery, deceased, and denied that the appellant was adopted by Avery as alleged in the complaint. Appellee averred that she was the sole heir of Avery; that she was his lawful wife on June 25, 1909, the day when the alleged adoption order by the probate court was entered; that she was not present and did not consent to such order when same was entered; that she was married to James Avery in 1904, and they had lived together as husband and wife continuously until his death; that she did not know, until two days before the death of Avery, that it was claimed that he had adopted the appellant as his child; that she was informed by appellant's attorney of that fact at a time when her husband was in a dying condition; that the order of the Pulaski Probate Court referred to in the complaint was a fraud upon the court and a fraud upon the appellee. She further alleges that one Curtis and his wife were the parents of the appellant; that she was born in lawful wedlock, and, at the time of the alleged adoption by James Avery, he and the mother of the appellant knew the place of residence of appellant's father, which was at Pine Bluff; that appellant's father was not notified of the adoption, nor was the appellee notified. She further

alleges that the appellant was not a resident of Pulaski County, and the Pulaski Probate Court was without jurisdiction to make the order, and that same was therefore void. She further set up that appellant never lived at the home of James Avery nor in his family; that Avery left no children, father, mother, or other descendants, and that, under the statutes of this State, appellee is entitled to all the property owned by James Avery at the time of his death. She denied that Avery was, at the time of his death, possessed of sufficient personal property to pay the debts against his estate, and alleges that, since his death, she has paid all the taxes on the property of the estate, and claims the same as her own.

An intervention was filed by Ed Bell and eighteen others, setting up that they were collateral heirs of James Avery, and virtually the same facts as were alleged in the answer of the appellee to the appellant's complaint. They deny the validity of appellant's alleged adoption. The appellee answered the intervention and denied the alleged relationship of the interveners to James Avery, and prayed that their complaint be dismissed. The appellant answered the intervention, admitting the relationship of the interveners, but alleged that they were estopped by order of adoption of the probate court from claiming any part of the estate of James Avery, deceased, as his collateral heirs. Appellant also replied to the answer of the appellee, denying its allegations.

The court, after hearing the testimony in the case, entered a decree dismissing the appellant's complaint for want of equity and leaving the controversy between the interveners and the appellee undetermined. From the decree dismissing the appellant's complaint she prosecutes this appeal.

1. The decree recites that the cause was heard upon the pleadings, the certified copies of the petition and order of the Pulaski Probate Court in the matter of the alleged adoption of the appellant by James Avery, and the testimony of certain witnesses, naming them, whose testi-

mony was taken *ore tenus* at the bar of the court, and which testimony has been duly authenticated and brought into this record. The conclusion reached by the court makes it unnecessary to set out much of this testimony, and only such of it as we deem competent and material will be set forth.

To sustain her contention, appellant introduced the petition that was filed by James Avery in the Pulaski Probate Court, as follows: "Comes the petitioner, James Avery, and petitions the court for the adoption of Lizzie Allease Avery, age six years, who has no property, real, personal, or mixed; that the mother of said minor is Gertrude Rush of Greenville, Miss., and that petitioner is the father of said child, and resides in the city of Little Rock, County of Pulaski, State of Arkansas, where petitioner desires to rear, clothe, and educate said child and provide for it in all respects to the best of his ability. That petitioner desires said minor to take his name, upon adoption, and be entitled to and receive all the rights and interests in his estate that all natural and legal children are by law entitled under the statutes of the State of Arkansas.

"Wherefore, the premises seen, petitioner prays the court for an order to the end that said minor herein be adopted to him in the name of Lizzie Allease Avery, and for such other and further relief in the premises as is legal and proper."

The appellant also introduced the sworn certificate of her mother consenting to the adoption, as follows: "This is to certify that the undersigned is the natural mother of the child, Lizzie Allease Avery, and I hereby consent to the adoption of said child by James Avery, its father."

The petition by Avery and the certificate of consent by appellant's mother were duly verified on the 22d day of June, 1909. On the 25th day of June, 1909, the same being a regular day of the April term, 1909, of the Pulaski Probate Court, that court entered the following judgment: "In the matter of the adoption of Lizzie Allease

Avery, a minor: On this day comes James Avery, and files and presents to the court his petition praying that one minor child, Lizzie Allease Avery, age 6 years, a resident of Pulaski County, be adopted to him, and that she has no property. Upon examination of said petition, it appearing to the court, from the petition and from the testimony of James Avery and J. A. Robinson, witnesses, that the mother of said child being unable to rear, clothe and educate said minor, and it further appearing; from the affidavit of Gertrude Rush, the mother of said minor, that, she being unable to maintain and care for said child, and that she consents to said adoption, and it further appearing to the court that the petitioner is the natural father of said child, and that he is amply able to care for, maintain and educate said minor, the prayer of the petitioner is by the court granted. It is therefore ordered and adjudged by the court that the said minor be and she is hereby declared to be adopted to the said James Avery as his own child; and it is further ordered and adjudged by the court that the said Lizzie Allease Avery, as such adopted child, shall be entitled to and shall receive the same right, title and interest in and to the estate of petitioner, James Avery, as a natural and legal heir of the said James Avery, and she is hereby declared to be, for all intents and purposes, the natural and legal heir of the petitioner, James Avery, herein.''

The appellee contends that the alleged judgment of adoption is void on its face because it fails to show that the appellant, at the date of the judgment, was a resident of Pulaski County, and fails to show that Gertrude Rush, the mother of appellant, was present in open court consenting thereto; that these are jurisdictional facts which must appear of record, and that the record here affirmatively shows that Gertrude Rush appeared by affidavit. We do not agree with learned counsel for appellee in these contentions. The pertinent sections of our statute on adoption, chapter 2, Crawford & Moses' Digest (act of Feb. 25, 1885), are as follows:

"Section 252.  Any person desirous of adopting any child may file his petition therefor in the probate court, in the county where such child resides.

"Section 253.  Such petition shall specify, first, the name of such petitioner; second, the name of such child, its age, whether it has any property, and, if so, how much; third, whether such child has either father or mother living, and, if so, where they reside.  Such petition shall be verified by the oath or affirmation of such petitioner.

"Section 256.  Such court shall not adopt such child, if it have a father or mother living, unless such father or mother appear in open court and give consent thereto, provided, that if such petitioner show by two competent witnesses that the residence of such father or mother be unknown, then such court may order the adoption of such child."

In *Morris* v. *Dooley,* 59 Ark. 483-487, construing this statute, among other things we said: "Unless all jurisdictional facts appear in the record itself, the judgment in the proceeding will be void upon collateral attack."  The converse of the proposition there stated is equally true, that, where all jurisdictional facts appear in the record itself, the judgment is not void and cannot be so declared on collateral attack.  In that case the order of adoption did not state that the child was a resident of the county where the proceedings were had, and we held that such fact was essential to give the court jurisdiction, and that it must appear upon the face of the record.

In the case at bar the language of the order, to-wit: "On this day comes James Avery and files and presents to the court his petition praying that one minor child, Lizzie Allease Avery, age six years, a resident of Pulaski County,  *  *  *" as we construe it, plainly states that the appellant was a resident of Pulaski County, the county in which the order of adoption was sought and obtained. Therefore the record of the probate court of Pulaski County, in which the order of adoption was made, shows

on its face the essential jurisdictional fact that appellant was a resident of that county at the time. This fact cannot be controverted by proof *aliunde*.

2. The appellee next contends that the record does not show that Gertrude Rush, the mother of the appellant, was present in open court when the order was made. Section 256, *supra,* requires that the father and mother, if living, of the child to be adopted, must appear in open court and give consent to the adoption, provided, if the residence of the father or mother be unknown, the petitioner must show such fact by two competent witnesses. In *Willis* v. *Bell,* 86 Ark. 473, the record of the adoption proceedings showed affirmatively that the father was living at the time, but did not show that his place of residence was unknown. The record did not show in that case that the father had appeared in open court and consented to the proceedings. Speaking on that phase of the case, we said: ''The jurisdiction of the court depends upon the express consent of the parents of the child, unless their residence be shown to be unknown. * * * There must be substantial compliance, in all their essential requirements, with statutes authorizing the adoption of children, in order to effect an adoption thereunder. And an order of adoption not made in conformity with the statute is absolutely void. It cannot be valid in part or void in part. It is either valid or void in its entirety, and any one interested can take advantage of its invalidity.''

Counsel for appellee rely upon this case as authority for saying that the record of the adoption proceedings does not show that Gertrude Rush, the mother of appellant, appeared in open court and consented to the adoption, in compliance with the requirements of § 256, *supra.* Counsel say that the record shows affirmatively that Gertrude Rush was living, and her residence was known.

Now, the judgment of adoption under review recites: ''Upon examination of said petition, it appearing to the court from the petition and from the testimony of James

ARK.]       AVERY *v.* AVERY.       383

Avery and J. A. Robinson, witnesses, that the mother of said child being unable to rear, clothe and educate said minor, and it further appearing, from the affidavit of Gertrude Rush, the mother of said minor, that she being unable to maintain and care for said child, and that she consents to said adoption, * * * ." These recitals show a substantial compliance with the requirements of § 256, *supra*. The affidavit of Gertrude Rush, the mother of appellant, is thus brought into the judgment record, and it recites that she is the "natural mother of the child, Lizzie Allease Avery, and consents to its adoption by James Avery, its father." This affidavit is tantamount to a petition on the part of the mother asking that the child may be adopted by its father.

It will be observed that § 256, *supra,* does not say that the father or mother must appear *in person* in open court. It only says "unless such father or mother appear in open court." This simply means that the court must be in session and the father or mother of the child, if living, must appear in such open session and give consent to its adoption, but it does not mean that such appearance must necessarily be in person, but in the usual way in which litigants appear in court, either in person or by their duly constituted attorney and agent. The only inference to be drawn from the recitals of the judgment that the "mother consents to said adoption" is that she appeared and consented in the manner required by the statute. Certainly such presumption should be indulged from this recital in the judgment.

In *Coleman* v. *Coleman*, 81 Ark. 7-11, the court had under consideration an adoption order that did not show that the father was not living and did not state that it was shown by two competent witnesses that the residence of the father was unknown. In that case we said: "The order recites on this point 'that the mother of said boy died soon after his birth, and the residence of the father, if living, is unknown to petitioner.' We understand from this that it was alleged, in substance, that the mother was

dead, and that the residence of the father was unknown. This was a substantial compliance with the statute. Moreover, the petition not being set out in the record, it will be presumed that it complied with the statute. * * * Appellant contends that the order is void and subject to collateral attack because it does not recite that it was shown by two witnesses that the residence of the father was unknown. But the jurisdiction of the court did not, in our opinion, depend on such evidence, nor was it necessary to make such a recital in the record. Making the order of adoption without such proof would be error, and might be ground to set such order of adoption aside, on petition of the father of the adopted child, but neither D. L. Coleman, on whose petition the order of adoption was made, nor any one claiming through him, as plaintiff does, would be allowed to object to the judgment on that ground.''

The doctrine thus announced controls here. The recitals of the judgment, in connection with the affidavit of Gertrude Rush, which is expressly brought into the judgment, are certainly sufficient to show that the requirements of § 256, *supra,* had been substantially complied with.

3. Counsel for appellee contends that the taking of the order was a fraud upon the court and a fraud upon the parties. Certainly the record of the adoption proceedings does not show on its face that any fraud was perpetrated upon the court or the parties, and the appellee cannot raise these questions on a collateral attack on a judgment of adoption which is in all things regular on its face. As is said in 1 R. C. L. 626, § 38: ''The want of jurisdiction must appear from the record, and, as an order of adoption entered in due form partakes of the characteristics of a judgment, if there is jurisdiction over the parties and the subject-matter, it cannot be avoided for errors or irregularities, except upon appeal or by motion to vacate it, and the order or decree is therefore exempt from collateral attack by parties and

privies. The person adopting a minor child and procuring the order for such adoption, and all others claiming as his heirs, are estopped from denying that he was a resident of the county as alleged in his petition for such adoption, or from questioning the validity of the adoption proceedings on the ground of mere irregularities not involving the jurisdiction of the judge.''

The trial court therefore erred in dismissing appellant's complaint. The decree is reversed, and the cause is remanded with directions for further proceedings according to law and not inconsistent with this opinion.