TAYLOR *v.* COLLINS.

Opinion delivered January 10, 1927.

1. ADOPTION—PETITION—NAME OF CHILD.—A petition for the adoption of a child which alleged that the child is a resident of the county, but his name is unknown and could not be ascertained, and that his parents are unknown and his mother dead, *held* a sufficient compliance with Crawford & Moses' Dig., §§ 252-256.

2. DOMICILE—RESIDENCE OF CHILD.—The residence of a child of unknown parents, delivered temporarily by a probation officer to persons desiring to adopt him, is that of the probation officer.

3. ADOPTION—COLLATERAL ATTACK.—Where the record of the probate court in the matter of the adoption of a child recites that the child is a resident of the county, such fact cannot be controverted by proof *aliunde*.

4. ADOPTION—CONSENT OF PARENT.—Testimony of two witnesses that the residence of the father of an infant sought to be adopted was unknown dispensed with the statutory requirement that he appear in open court and give consent to the order of adoption.

5. ADOPTION—JURISDICTION.—The probate court's jurisdiction to grant a petition for adoption of an infant does not depend on evidence that the residence of his father is unknown, nor on the recital thereof in the record.

6. ADOPTION—OBJECTION TO.—Neither petitioners for adoption nor any one claiming through either of them can object to a judgment granting the petition for want of evidence that the residence of the infant's father was unknown.

Appeal from Lonoke Chancery Court; *John E. Martineau,* Chancellor; affirmed.

STATEMENT BY THE COURT.

This is a collateral attack upon a judgment and order of the Pulaski Probate Court adopting a minor, George Lee Collins, affecting his right as an heir of George and Hattie Collins, by whom he was adopted, to certain lands in Lonoke County, of which she died seized and possessed.

A baby boy was born on the east side in the city of Little Rock, Pulaski County, on April 4, 1920, and brought by Essie Wesley, at the age of three months, on July 20, 1920, to the office of Mamie A. Jeffries, a probation officer of the juvenile court, whose duty it was to look after neglected, dependent and delinquent children

of the county. She received the baby from Essie Wesley, who said she lived next door to where the child was; that its mother died, and was buried the day before in Little Rock; that she had kept the baby all night, and was going to Pine Bluff that day, and desired to get rid of him. She was a stranger to the probation officer, and said she knew nothing about the father, either who he was or where he could be found.

The probation officer placed the baby temporarily with Hattie and George Collins, near Scotts, in Pulaski County, and they carried the child to their home.

Testimony of other witnesses showed that George and Hattie Collins lived, in fact, at the time of the order of adoption and ever since, near Scotts, but in Lonoke County. Their petition to the probate court of Pulaski County for the adoption of the baby recited: ''That they are residents of Pulaski County, Arkansas; desired to adopt a child of six months of age, a resident of Pulaski County, who has no estate, and that the parents of the child are unknown.'' Prayed the court ''to make an order adopting unto them the said child, to be hereafter known as George Lee Collins, who is to have all the rights and privileges of a natural heir.''

This petition was signed and verified by the petitioners, and had a notation on the back: ''George Lee Collins, adopted to George Collins and wife; filed December 7, 1920. Dan. D. Quinn, county and probate clerk''; and ''Petition granted. Lee Miles, Judge, 12/7/1920.''

The order of adoption recites the presentation to the court of the petition of George and Hattie Collins, showing that they have in their possession a male child of the age of about six months, a resident of Pulaski County, whose present name is unknown to them; who has no estate of any kind; and also that the whereabouts of the parents of the child, if living, are unknown to them; that they are well able to care for him.

Further that, on examination of said petition and the testimony of Thomas Fisher, Charles Moyer and Mamie

Jeffries, householders of Pulaski County, and disinterested persons, who stated that the residence of the parents of the said child was unknown to them, the court granted the prayer of the petition and made the order.

The chancery court found that the said minor, George Lee Collins, was duly and in all things legally adopted as the legal son and heir of Hattie Collins of Lonoke County, and, as such, entitled to one-half interest in the estate of the said Hattie Collins, deceased, and decreed accordingly.

*Thos. C. Trimble* and *Thos. C. Trimble, Jr.,* for appellant.

*T. E. Helm,* for appellee.

KIRBY, J., (after stating the facts). Appellant contends that the Pulaski Probate Court was without jurisdiction to make the order of adoption, since the child, as a matter of fact, was living at the time in Lonoke County. The petition, however, states that the child is a resident of Pulaski County, as well as the petitioners who desired his adoption; that his name is unknown, and could not be ascertained, and that his mother was dead, and his father's whereabouts unknown.

The court found from the testimony of more than two competent witnesses that such was the fact. It was obvious that the name of the child could not be stated in the petition, since no one knew the name of its mother, who was dead, the woman who delivered the baby to the probation officer not disclosing it, and denying that she had any knowledge of the identity of the father, if living. It was not necessary therefore that the name of the child be set out in the petition, which was a sufficient compliance, under the circumstances, with the requirement of the statute. Crawford & Moses' Digest, §§ 252-256.

Even though it was a fact that the baby had been in the home of the petitioners in Lonoke County when they presented their petition for his adoption, it can make no difference, since he had been delivered to them temporarily by the probation officer of Pulaski County, who was entitled to his custody; and, whether the residence of the

child would, in legal contemplation, be that of the probation officer of Pulaski County, which is doubtless true under the circumstances, can make no difference, since the petition itself alleged that the child was a resident of Pulaski County at the time of the adoption, and as recited in the order, which allegation gave said probate court jurisdiction and cannot be disputed *aliunde. Avery v. Avery,* 160 Ark. 375, 255 S. W. 18.

The testimony of the two witnesses that the residence of the father of the infant was unknown dispensed, of course, with the statutory requirement that he should appear in open court and give consent to the order, and, had there been no such testimony, the jurisdiction of the court did not depend on such evidence nor its recital in the record, and, while the making of the order of adoption without such proof might be error and furnish ground for setting aside the order of adoption on the petition of the child's father, neither the petitioners on whose petition the order was made nor any one claiming through either of them, as appellant does, would be allowed to object to the judgment on that ground. *Coleman* v. *Coleman,* 81 Ark. 7, 98 S. W. 733.

No error is found in the record. The judgment *is* affirmed.