Henry ZGLESZEWSKI *v.* Carol ZGLESZEWSKI and
Peter T. HORNE

76-120                                    542 S.W. 2d 765

Opinion delivered November 8, 1976

*Lawson E. Glover* and *David M. Glover,* of *Glover Law Office,* for appellant.

*Legal Aid Bureau of Pulaski County,* by: *Robert H. Wood Jr.* and *Gilbert L. Glover,* for appellees.

ELSIJANE T. ROY, Justice. Appellant Henry Zgleszewski and co-appellee Carol Zgleszewski married in 1971. Co-appellee Peter Horne was formerly married to Carol Zgleszewski, the marriage having been terminated by divorce in Pennsylvania in 1970. At that time she was awarded custody of the two children born during her marriage to Horne. Appellant filed a petition for adoption in July, 1975, requesting that he be allowed to adopt the issue of co-

appellee's earlier marriage.

In the petition appellant alleged that under Ark. Stat. Ann. § 56-106 (Repl. 1971) appellee Horne should be found to have abandoned his children. Appellee Carol Zgleszewski consented to her present husband's adoption of the children, but appellee Horne refused to give consent. Horne is presently imprisoned in the Pennsylvania State Prison as he was at the time of the filing of the adoption petition. The probate court held that Horne had not abandoned the children and consequently denied the adoption.

For reversal appellant contends that the decision of the trial court is against the preponderance of the evidence and that he is entitled to an order granting the adoption on grounds of abandonment. Appellant testified the children call him father and they engage in a number of recreational activities together. He further testified he wanted to adopt the children; he thought it was in their best interest for him to adopt them; he has a savings account; he has sufficient money to take care of them and meet their obligations and their expenses; he has done this since 1971 and can and will continue; he has ample life insurance; he and his wife have a child of their own; and he carries health and accident insurance on all three children where he works.

It is noted that the children had been living with appellant and had been supported by him for five years when he filed the petition for adoption. The children, he testified, go to church and both make straight A's in school, and there have never been any disciplinary problems at home.

Ark. Stat. Ann. § 56-106 (Repl. 1971) provides for the non-consensual adoption of a child under certain specified circumstances. Section 56-106 (a) and (b) (I) upon which appellant relies reads:

> Consent of parents or guardian. — (a) The adoption of a child shall not be permitted without the written consent verified by affidavit, of its parents or parent, if living, except as follows:
>
> (b) The consent of a parent or parents may be dispensed

with if the court, upon competent evidence, makes one of the following findings:

(I) The parent has abandoned the child for more than six [6] months next preceding the filing of the petition.

In any proceeding in which the custody of a child is involved the paramount consideration is the best interest of the child. *Richards* v. *Nesbitt,* 237 Ark. 888, 377 S.W. 2d 40 (1964); *Cotten* v. *Hamblin,* 234 Ark. 109, 350 S.W. 2d 612 (1961).

Carol Zgleszewski and Peter Horne were married in 1964. In 1967 Horne was imprisoned after having been found guilty on three charges of rape, and he admitted he would not be eligible for parole until January, 1978. His former wife testified she visited him regularly with the children until 1968 or 1969, but was forced to discontinue the visits after he became increasingly accusatory and abusive toward her. Mrs. Zgleszewski further stated that after appellant's confinement because of the necessity of caring for the children she was unable to work and had to go on welfare. Her testimony reflected that although her former husband held various jobs in prison, he did not send any money to her or the children nor did he communicate with the children by cards, letters, telephone calls or in any way.

After her divorce from Horne in 1970, Mrs. Zgleszewski moved to another town some four or five miles distant from where she and her former husband had lived. She maintained a cordial relationship with Horne's family, and the wedding reception for her marriage to appellant was held at the home of Horne's brother. The only time Horne saw his children subsequent to 1969 was for about five minutes at his father's funeral in December, 1973. In July, 1975, the Zgleszewskis moved to Arkansas and prior to this move notified Horne's family, but did not notify Horne directly of the move.

In Horne's interrogatories he stated he had communicated with his children until 1970, but not thereafter because he did not know their whereabouts. This reason lacks substantive basis since from 1970 until July, 1975, Mrs. Zgleszewski and her husband (appellant) lived only a short distance from her former home with appellee Horne. They

had a friendly relationship with her former husband's parents as well as his brother's family, and the Horne family was in frequent contact with Peter Horne. It is not unreasonable to suppose that normal parental love would impel Horne to ask them about the whereabouts of his children.

Appellee Horne admitted having saved some $1400 but did not use any of this in trying to contact or help his children. Nor did he indicate any intention to do so even though at the time of the trial he knew where they were living.

Our cases require that in order to show abandonment the evidence must indicate the parent deserted, forsook entirely, "or relinquished all connection with, or concern in," the child. *Walthall* v. *Hime,* 236 Ark. 689, 368 S.W. 2d 77 (1963). We are aware that imprisonment imposes an unusual impediment to a normal parental relationship. However, even when parenthood is disadvantaged by this unfortunate factor, one could still solicit visits from his children and contact them with cards, letters and small gifts if he did not have the means of support.

*In re Adoption of McCray,* Pa., 331 A. 2d 652 (1975), in which abandonment was the main issue the court, in granting the adoption, stated:

> . . . [W]e have held that the parent has an affirmative duty to love, protect and support his child and to make an effort to maintain communication and association with that child. * * *

> . . . [A] parent's absence and/or failure to support due to incarceration is not conclusive on the issue of abandonment. Nevertheless, we are not willing to completely toll a parent's responsibilities during his or her incarceration. Rather, we must inquire whether the parent has utilized those resources at his or her command while in prison in continuing a close relationship with the child.

The cumulative evidence here indicates appellee's interest in the welfare of his children from 1967 to the date of trial had been minimal. Appellee's willful criminal acts and

the course of conduct followed thereafter indicate a conscious disregard of the children and an indifference to their welfare tantamount to voluntary abandonment. Accordingly we find the decree of the chancellor is against the preponderance of the evidence.

Reversed and remanded for action not inconsistent with this opinion.

We agree. HARRIS, C.J., and BYRD and HOLT, JJ.