James Lee REID *v.* Gregory S. FRAZEE and Jacqueline Frazee

CA 97-1025                                      966 S.W.2d 272

Court of Appeals of Arkansas
Division I
Opinion delivered April 8, 1998

*James V. Coutts,* for appellant.

*Pate & Swain,* by: *James R. Pate,* for appellees.

JOHN F. STROUD, JR., Judge. This is an adoption case in which James Lee Reid, appellant and natural father of the adopted child, challenges the adoption on the grounds that 1) he received no notice of the petition for adoption and 2) the petition was neither signed nor verified by the person seeking the adoption. Appellees Gregory S. Frazee, who is the adoptive father, and his wife, the child's natural mother, ask that the adoption stand or, alternatively, that the case be remanded for a hearing on the merits of the petition for adoption. We find that appellant was entitled to notice; therefore, we reverse and remand for a hearing on the merits.

Appellant and Jacqueline L. Reid were divorced by decree of the District Court of Douglas County, Kansas in 1989, when their only child was one and one-half years old. The district court granted primary custody to the child's mother, who later married Gregory Frazee and became Jacqueline Frazee. Appellant was ordered to pay $275 a month support and maintenance until the

child reached the age of eighteen. On September 5, 1995, Mr. and Mrs. Frazee, who had lived in Arkansas for five years, filed in the Probate Court of Pope County a petition to adopt the child. After a hearing on October 12, 1995, the court granted the petition for adoption. The decree of adoption included the finding that appellant's consent to the adoption was not required.

We now address the points on appeal.

I. *Whether appellant was entitled to notice of the adoption proceedings.*

Adoption proceedings were unknown to the common law, so they are governed entirely by statute; because they are in derogation of the common law, the statutes are strictly construed and applied. *Swaffar v. Swaffar*, 309 Ark. 73, 827 S.W.2d 140 (1992). Arkansas Code Annotated § 9-9-207 (Repl. 1993) provides in part:

> (a) Consent to adoption is not required of:
>
> (1) A parent who has deserted a child without affording means of identification or who has abandoned a child;
>
> (2) A parent of a child in the custody of another, if the parent for a period of at least one (1) year has failed significantly without justifiable cause (i) to communicate with the child or (ii) to provide for the care and support of the child as required by law or judicial decree.

When a petitioner alleges that a person entitled to notice cannot be located, the court shall appoint an attorney *ad litem* who shall make a reasonable effort to locate and serve notice upon the person entitled to notice, and upon failing to so serve actual notice, the attorney *ad litem* shall publish a notice of the hearing directed to the person entitled to notice in a newspaper having general circulation in the county. Ark. Code Ann. § 9-9-212(a) (Repl. 1993). A person who wishes to adopt a child without the consent of the parent must prove by clear and convincing evidence that the consent is unnecessary. *King v. Lybrand*, 329 Ark. 163, 946 S.W.2d 946 (1997).

Appellees alleged in their petition for adoption, as they do on appeal, that the consent of appellant was not required because he had for one year or more failed significantly, without justifiable cause, to communicate with the child; for one year or more failed to provide for the financial care and support of the child as directed by law or judicial decree; and had abandoned and deserted the minor child. At the hearing on the petition to adopt, the child's mother testified that she had done what could be done to notify appellant of the petition for adoption. She stated that certified letters sent to his last two known addresses in Kansas had been returned unclaimed, and that she believed appellant might have recently moved to California. She also testified concerning the absence of contact between appellant and the child and the absence of support for over a year.

The probate court found that the natural father had failed to comply with the divorce decree's requirement to keep the child's mother informed of his address. The court also found that appellant's consent to the adoption was not required because for a period of one year preceding the date of the filing of the petition he a) had failed significantly, without justifiable cause, to visit and communicate with the child; and b) had failed to provide financial care and support for the child as directed in the decree of divorce. The probate court granted the petition for adoption upon finding that it was in the best interest of the child to do so.

Appellant subsequently filed a petition to set aside the decree of adoption on the ground that he had not received notice of the hearing on the petition to adopt. He denied the allegations upon which appellees asserted that his consent was not required, and he asserted that appellee Ms. Frazee knew his whereabouts. He alleged that at a meeting of bankruptcy creditors approximately eighteen days before the petition for adoption was filed, she and he discussed his plan to return to California to live with his mother. He further alleged that Ms. Frazee knew his mother's address.

In appellees' response to appellant's petition to set aside the decree of adoption, Ms. Frazee admitted attending the bankruptcy meeting but denied any discussion of appellant's move to Califor-

nia. Appellees filed an affidavit in which Ms. Frazee referred to a visit by the child to his paternal grandmother in California in the summer of 1995 and stated that she could not verify whether appellant telephoned the child in California.

Appellant also filed a motion for summary judgment asking that the decree of adoption be set aside because 1) the petition was neither signed nor verified by appellee Gregory Frazee; and 2) appellant had no notice of the adoption hearing, nor was an attorney *ad litem* appointed for him. At a hearing on his motion for summary judgment, appellant pointed out defects in the adoption proceeding. The probate court denied the motion for summary judgment upon finding that appellant was not entitled to receive notice or give his consent because of his actions in failing significantly and without just cause to communicate with the child, or to provide for the child's care and support as set out in Arkansas Code Annotated section 9-9-207(a)(2). Further, the court dismissed, with prejudice, appellant's petition to set aside the final decree of adoption, and the court confirmed the final decree of adoption.

Appellant argues on appeal that the trial court erred in making findings of fact without affording him the opportunity to present his side at a hearing on the merits to determine whether his consent to adoption was required. He states that if he had received notice of the proceedings, he could have appeared and presented his side of the case. Then, he continues, the probate court could have appropriately ruled on whether his consent was required and could have decided whether the adoption should go forward without his consent. Appellees respond that appellant is an absentee father who willfully failed to support or communicate with his child, and who abandoned and deserted his child. They point to testimony, affidavits, and responses to interrogatories that support their position. They assert that the fact that appellant did not receive notice by certified letter is the fault of appellant and not of appellees.

We agree with appellant that the court erred in entering its order of adoption without affording him an opportunity to appear and present his response to the petition for adoption. The

critical aspects of this case are that appellant did not receive notice of the petition to adopt nor was an attorney *ad litem* appointed to represent his right to receive notice. Arkansas Code Annotated § 9-9-212(a) (Repl. 1993) mandated that, once appellees alleged that they could not locate him, his interests were to be protected by the appointment of an attorney *ad litem* who should make a reasonable effort to locate him and serve notice upon him. The statute is not discretionary. All findings of the probate court regarding support, communication, and abandonment were therefore improperly entered. We also think that the two letters sent to appellant's Kansas address did not constitute a good faith effort to notify appellant of the petition to adopt his natural child, particularly when appellee Ms. Frazee knew that his mother lived in California.

■ We reverse and remand for a hearing to determine whether appellant's consent to adoption was required. We need not reach the parties' arguments concerning support and communication because those issues will be determined by the probate court after a full hearing on the merits of this issue.

*II. Whether the statutory requirements for the filing for the petition of adoption and the granting for the decree of adoption have been met.*

Arkansas Code Annotated section 9-9-210(a) (Repl. 1993) specifies that certain information be stated in a petition for adoption signed and verified by the petitioner. Appellant complains that appellee Mr. Frazee did not sign and verify the petition, nor did his testimony at the hearing on the petition to adopt cure this defect. He notes that in a 1997 affidavit appellee Ms. Frazee stated that she signed her husband's name and that the signature was notarized by a notary public who knew it not to be genuine. Appellees Mr. and Ms. Frazee point out that they were both petitioners for the adoption. They contend that the wife signed her husband's name with his permission and further contend that her testimony at the adoption hearing verified the allegations in the petition.

We need not address this issue because we reverse and remand on the first point on appeal, and the probate court now clearly has jurisdiction to hear this adoption proceeding.

Reversed and remanded.

AREY and ROAF, JJ., agree.