James Lee REID *v.* Gregory S. FRAZEE

CA 00-353                                    41 S.W.3d 397

Court of Appeals of Arkansas
Division II
Opinion delivered February 21, 2001

*James V. Coutts*, for appellant.

*Pate & Swain*, by: *James R. Pate*, for appellee.

Karen R. Baker, Judge. The appellant, James Lee Reid, appeals a second time from the entry of a Final Decree of Adoption that terminated the appellant's rights as the natural father of his minor son and allowed the adoption of the minor son by the husband of appellant's ex-wife. On the first appeal, this Court reversed the probate court's entry of the adoption, holding that Ark. Code Ann. § 9-9-212(a) (Repl. 1993) imposed upon the probate judge a nondiscretionary duty to appoint an attorney ad litem to make reasonable efforts to locate and serve notice upon appellant once the appellees alleged they could not locate him. *Reid v. Frazee*, 61 Ark. App. 216, 966 S.W.2d 272 (1998). Because appellant neither received notice of the petition to adopt nor was an attorney ad litem appointed, we remanded the case for a full hearing on the merits, stating that "the probate court now clearly has jurisdiction to hear this adoption proceeding." *Id.* at 222, 966 S.W.2d at 274.

For his first point in this appeal, appellant argues that the trial court erred in granting a Final Decree of Adoption because the adoption statutes had not been strictly complied with in three respects: (1) the appellee Gregory Frazee failed to sign and verify the petition for adoption as required by Ark. Code Ann. § 9-9-210(a) (Repl. 1993); (2) the trial judge failed to obtain the minor child's consent at the adoption trial as required by Ark. Code Ann. § 9-9-206 (Repl. 1993) and had no power to schedule the subsequent hearing where he ascertained the child's consent to adoption; and (3) the trial court failed to notify the minor child of his right to withdraw consent as required by Ark. Code Ann. § 9-9-208 (Repl. 1993).

Appellant's second point for reversal is that the trial court erred in finding that the consent of appellant was not required pursuant to Ark. Code Ann. § 9-9-207(a)(2) (Repl. 1993) because he had failed to have significant contact with the child or pay support for the child for a period in excess of one (1) year prior to the filing of the Petition for Adoption. Appellant's third point for reversal is that the trial court failed to notify the minor of an asserted right to withdraw consent and that the consent was not in writing as required by Ark. Code Ann. § 9-9-208 (Repl. 1993).

Appellant's final point for reversal is that the trial court erred in finding that it was in the best interest of the minor child to be adopted. We affirm.

Appellee, the adoptive father, married the child's mother on October 26, 1990, shortly before the child's third birthday on December 27. He and the mother provided the child's primary residence from that time to the present. They moved their residence from Kansas to Arkansas in 1992. Appellee filed the petition for adoption when the child was seven years old.

Appellant married, divorced, remarried, and divorced again prior to the adoption proceeding. After filing bankruptcy, he moved his residence from Kansas to California and began working at a country club where his mother was employed and had been for many years. Appellant admitted that he had no in-person visit or physical contact with the child from August 1, 1993, to the time the petition was filed on September 5, 1995. He identified some attempts to speak with the child from pay phones in the summer of 1993 and specifically identified a conversation he had with the child in July 1994. He admitted that he personally paid none of the court-ordered child support from January 1, 1994, through September 5, 1995. He blamed his lack of contact with the child on the appellee and the child's mother, alleging they prevented him from having contact with the child. He explained that his lack of financial support resulted from credit-card debt and medical expenses in connection with the birth of a child on April 28, 1995, to his subsequent marriage. These debts resulted in a bankruptcy. He stated that he purchased a money order on September 11, 1995, to begin paying child support, claiming that, at the time, he knew nothing about the petition for adoption being filed. Appellant did not seek court intervention to enforce his visitation rights under the divorce decree at any time prior to the filing of the petition for adoption.

Appellant raised the issue of Gregory Frazee's failure to sign and verify the petition for adoption in the first appeal. We did not reach and discuss the issue because we reversed, finding no jurisdiction resulting from the lack of notice; however, we did specifically state that "the probate court now clearly has jurisdiction to hear this adoption proceeding." *Reid,* 61 Ark. App. at 222, 966 S.W.2d at 274.

■ Appellant first argues that an adoption petition is fatally defective if it fails to strictly comply with Ark. Code Ann. § 9-9-210 (Repl. 1993). That is not the case. A petition for adoption is valid where there is substantial compliance with the statutory requirements. *See Arkansas Dep't of Human Serv. v. Couch*, 38 Ark. App. 165, 171, 832 S.W.2d 265, 269 (1992) (citing *Taylor v. Collins*, 172 Ark. 541, 289 S.W. 466 (1927)).

■ In *Swaffar v. Swaffar*, 309 Ark. 73, 80, 827 S.W.2d 140, 144 (1992), the Arkansas Supreme Court cited the jurisdictional requirement of consent and that "the consent of the person to be adopted, as required by statute, must not be presumed." The court emphasized that it was the total lack of evidence of consent in the record, that resulted in the probate court's lack of jurisdiction. The court in *Swaffar* simply recognized that with no evidence of consent in the record, the court could not substantiate the probate court's jurisdiction over the minor to be adopted. *See id.* at 79-80, 827 S.W.2d at 144; *see also In re Adoption of Lybrand*, 328 Ark. 163, 946 S.W.2d 946 (1997) (finding suggestion that probate court lacked subject-matter jurisdiction for lack of strict compliance with the adoption statutes was not valid where cases addressed jurisdiction of the person).

■ Similarly, the consent and knowledge of the adoptive parent must not be presumed. In stark contrast to *Swaffar*, however, the record in this case provides ample evidence of knowledge and consent. Appellee Gregory Frazee appeared before the judge and under oath verified the allegations in the petition. He presented additional testimony about himself, his concern for the child's welfare, and his commitment to providing for the child financially and emotionally. The evidence concerning appellee Gregory Frazee's knowledge and participation in the adoption proceeding was before the court, and the probate judge did not abuse his discretion in finding statutory requirements had been satisfied.

Appellant's second assertion is that the probate court lacked authority to hold a subsequent hearing to ascertain the minor's consent. After the trial but before the judge entered the final decree, appellant brought to the court's attention in an Objection to Entry of Final Decree of Adoption and Motion to Dismiss that the minor child, who was seven years of age at the beginning of this process, was past the age of ten years at the time the trial was held.

The probate judge then scheduled a subsequent hearing, where he questioned the minor and ascertained the child's consent to be adopted by appellee.

Appellant's argument ignores Ark. Code Ann. § 9-9-214(b), which provides: "The court may continue the hearing from time to time to permit further observation, investigation, or consideration of any facts or circumstances affecting the granting of the petition."

Even absent statutory authority, the probate judge had inherent authority to hold the subsequent hearing. In *Massengale v. Johnson*, 269 Ark. 269, 599 S.W.2d 743 (1980), the chancellor vacated a judgment and granted a new hearing when it came to the court's attention that it had possibly overlooked certain defenses. The court reasoned:

> It is a well settled principle that courts have control over their judgments during the term at which they are made, and, for sufficient cause, may, either upon application or upon their own motion, modify or set them aside. This power is inherent and plenary and exists without reference to any statute. It exists so that courts may review and correct any mistakes, errors or indiscretions which might have been committed . . . .
>
> Appellants argue that the court should not have vacated the judgment and taken additional evidence because appellees should have adequately developed the issues at the first trial .... While we agree that the chancellor was not required to set the judgment aside and grant a new hearing, that in no way implies that the chancellor should be prohibited from doing so.

*Id.* at 271-72, 599 S.W.2d at 745.

■■ The trial court has the inherent authority to protect the integrity of the proceedings and to safeguard the rights of the litigants before it. *City of Fayetteville v. Edmark*, 304 Ark. 179, 194, 801 S.W.2d 275, 283 (1990). Once it came to the probate judge's attention that the minor had reached the age of ten, an age requiring the minor's consent under the statute, the trial court properly exercised its discretion to ascertain the minor's consent before entry of its judgment.

■ Appellant's third argument, concerning compliance with the adoption statutes, is that the trial court failed to notify the minor of his right to withdraw consent and that the consent was

not in writing, as required by Ark. Code Ann. § 9-9-208 (Repl. 1993). We conclude that this argument is not preserved for appellate review. Appellant did not present these arguments to the trial court, and at the hearing on the issue of the minor child's consent, he objected only on the grounds that the consent was not given in a timely manner. Further, appellant did not ask the court for a ruling on this issue, and we do not address issues that are raised for the first time on appeal. *Giles v. Sparkman Res. Care Hosp.*, 68 Ark. App. 263, 6 S.W.3d 140 (1999).

■ We also hold that the trial court did not err when it found appellant's consent was not required pursuant to Ark. Code Ann. § 9-9-207(a)(2) (Repl. 1993). "In cases involving minor children a heavier burden is cast upon the court to utilize to the fullest extent all its power of perception in evaluating the witnesses, their testimony, and the children's best interests. This Court has no such opportunity, and we know of no case in which the superior position, ability, and opportunity of the probate court to observe the parties carries as great a weight as one involving minor children." *In re Adoption of B.A.B.*, 40 Ark. App. 86, 90, 842 S.W.2d 68, 70 (1992)(citations omitted).

■■ When reviewing a finding that consent is not required pursuant to Ark. Code Ann. § 9-9-207(a)(2) (Repl. 1993), "we must inquire whether the parent has utilized those resources at his or her command . . . in continuing a close relationship with the child." *In the Matter of the Adoption of Titsworth*, 11 Ark. App. 197, 201, 669 S.W.2d 8, 10 (1984) (quoting *Zgleszewski v. Zgleszewski*, 260 Ark. 629, 542 S.W.2d 765 (1976)). "For purposes of determining whether a parent willfully deserted his child or intended to maintain his or her parental role, the trial court may consider as a factor the parent's failure to seek enforcement of his or her visitation rights during the relevant one-year period." *Vier v. Vier*, 62 Ark. App. 89, 94, 968 S.W.2d 657, 660 (1998).

Appellant admitted that from the period of August 1, 1993, to September 5, 1995, he had no physical contact with his son. He further admitted that from January 1, 1994, through September 5, 1995, he personally did not pay any court-ordered child support. In responses to interrogatories, when asked to specify his attempts to talk with the minor child by phone, appellant identified "approx-

imately once a month for six months from a pay phone in Lawrence, Kansas."

In testimony before the court, appellant testified that, "My new wife and my ex-wife went to high school together and I don't think they got along good in high school and it made it difficult for me to call Tyler. That's why I used a pay phone. ... As a result of the friction with my wife Laura, I had to send Tyler home early at some point. ... My new wife didn't like Tyler a whole lot and she called when I was at work and told Jackie to come pick him up, and then Tyler went home. ... I took Tyler [to a hotel] because it caused friction with me and she calls and says come pick him up. So now I have friction between myself and Jackie and myself and my new wife because of the call. ... From my own home I had to go and stay at a motel with my son. That's what caused the big downfall. That was in 1992 in the summer."

Appellant did not attempt to utilize the help of a court to enforce his visitation rights until approximately two and a half years after he learned of the first entry of adoption, and approximately six years after what he described as "the big downfall." He attempted to justify his failure to pay the court-ordered child support on financial trouble, including a bankruptcy and credit-card debt.

In his final point of on appeal, appellant argues that the court erred in finding that it was in the best interest of the minor child that the adoption be granted. In contrast to the appellant's testimony at trial, the adoptive father, appellee, testified, "My feelings are that we have had a lot of troubles, we've had financial troubles, and yet day to day, we've had to take care of Tyler, and take care of Lucas, and take care of Nicolle, [children born to the marriage of appellee and the minor's mother] and we feel the same pressures and we've had the same financial problems, and all along it was never a question of whether we were going to take care of our children." From a review of the record, we cannot say that the probate judge's finding was clearly erroneous.

Affirmed.

PITTMAN and ROAF, JJ., agree.