2013 Ark. App. 352

**Paul GORDON, Appellant**

v.

**David Conrad DRAPER and Bonnie Lee Ann Draper, Appellees.**

**No. CV–12–1086.**

Court of Appeals of Arkansas.

May 29, 2013.

Paul M. Gordon, pro se appellant.

Brett D. Watson, Attorney at Law, PLLC by: Brett D. Watson; and Sherry Burnett, for appellees.

ROBERT J. GLADWIN, Chief Judge.

|₁Appellant Paul Gordon files this pro se appeal of the decree of adoption entered by the Grant County Circuit Court on August 23, 2012, allowing appellee David Draper to adopt Gordon's minor daughter, K.G.,[1] without his consent.[2]  He argues

---

1.  K.G.'s date of birth is January 9, 1996; she was sixteen and a half years old at the time of the hearing on August 13, 2012.

2.  *See Courtney v. Ward*, 2012 Ark. App. 148, at 13, 391 S.W.3d 686, 694.

multiple grounds for reversal, none of which has merit. Accordingly, we affirm.

Gordon and appellee's wife, Bonnie Lee Draper, are K.G.'s natural parents. The case originated in December 2010 when the Arkansas Department of Human Services (ADHS) removed K.G. from Gordon's custody based on allegations of possession of child pornography on his computer. The trial court entered an order on March 7, 2011, directing Gordon not to contact K.G. but specifically preserving his right to request a hearing on visitation.

Subsequently, Gordon pled guilty on August 5, 2011, to three counts of rape of a minor, one of them being K.G. He is now serving three 35–year sentences to run consecutively.

Appellee Mrs. Draper and appellee, Mr. Draper, her husband of nine years, filed a petition to adopt K.G. on April 12, 2012. A hearing was held on the petition on August 13, 2012, at which time K.G. testified that she had not seen Gordon since December 2010, that he had not given her anything since then, and that she wanted appellee to adopt her. Also at the hearing, Gordon acknowledged that he had neither seen K.G. nor paid any child support since December 2010. He also testified that he was innocent of the charges to which he pled guilty. The trial court announced findings of fact that Gordon had failed to communicate with or support K.G. and that he had pled guilty to raping K.G. and other minors.

On August 22, 2012, after the hearing but before the trial court entered its decree, Gordon filed a motion pursuant to Arkansas Rule of Procedure 59 (2012) requesting a new hearing and alleging prejudice for the first time in the proceedings. The trial court subsequently issued a decree approving the adoption on August 23, 2012. For appeal purposes, Gordon's Rule 59 motion is treated as filed on August 24, 2012, pursuant to Rule 59(b). Gordon filed his notice of appeal of the August 23, 2012 decree on September 24, 2012, and his Rule 59 motion was deemed denied on September 24, 2012—pursuant to Arkansas Rule of Appellate Procedure–Civil 4(b)(1) (2012). Gordon had thirty days to amend his notice of appeal to include the deemed-denied motion, under Arkansas Rule of Appellate Procedure–Civil 4(b)(2) (2012), but he did not amend his notice of appeal.

We review adoption proceedings de novo on the record, but we will not reverse the trial judge's decision unless its findings are clearly erroneous or clearly against the preponderance of the evidence, after giving due regard to his opportunity to determine the credibility of the witnesses. *Yerby v. Yerby,* 2013 Ark. App. 25, 2013 WL 245460. In cases involving minor children, the trial court must utilize to the fullest extent all its power of perception in evaluating the witnesses, their testimony, and the children's best interest. *Id.* Because the appellate court has no such opportunity, the superior position, ability, and opportunity of the trial court to observe the parties are afforded their greatest weight in cases involving minor children. *Id.*

Because K.G. was born during the marriage of Gordon and Mrs. Draper, his written consent is required before she may be adopted unless his consent is rendered unnecessary because he has, for a period of at least one year, failed significantly without justifiable cause to communicate with the child or to provide for the care and support of the child as required by law or judicial decree. Ark.Code Ann. § 9–9–207(a)(2) (Supp.2011).

The majority of Gordon's argument is merely a recitation of what an exemplary father he is and that the result in this case

is patently unfair. He explains that he had primary custody of K.G. and her older brother, C.G., for over twelve years, with their mother having two days visitation a week and not paying any child support.

Gordon explains that K.G.'s allegations that he had inappropriate contact with her, when she was younger, occurred after a few months of them not agreeing on her moving to her mother's house, and when it was reported that Gordon was in possession of underage pornography. He states that the reasons K.G. gave for wanting to move were to change schools and to be with her half-brother and her half-sister more, but she eventually admitted to having problems at school while refusing to talk about it. Gordon submits that at one point, K.G. told him, "I know how I can do it," but she would not tell him what she meant. A few weeks later, the report was made to the police regarding the possession of the child pornography, although it is not clear from the record before us who made the original allegation.

Gordon claims that the stories grew rapidly, and he alleges conspiratorial, or at least negligent, behavior from almost every individual involved—including the investigator, his lawyer, the prosecutor, the court reporter, and the trial judge. Gordon maintains that he never had a chance for a fair trial on the criminal charges against him because (1) the evidence was fabricated, (2) his lawyer refused to help, and (3) he was not allowed proper treatment for a mental condition caused by the ordeal. He claims he took an "unwillfull" plea at the time as his only resort and that he is appealing the decision. He acknowledges that the trial judge in this case informed him that he was not allowed to appoint counsel in a civil case and that in a civil matter, Gordon had to represent himself pro se or retain his own counsel. He was unable to do so, and he attended the hearing pro se. He claims that he was unable to question K.G. at the time because of the emotional involvement. He submits that because he had been prohibited to see or talk to her for such a long period of time, he could not sternly question her the necessary way for purposes of the hearing.

We hold that the trial court did not err in allowing the adoption to proceed without Gordon's consent. It is undisputed that Gordon, who was represented by counsel in the criminal proceeding, pled guilty to three counts of raping a minor, including the rape of K.G. He is now serving three 35–year prison sentences to run consecutively.

With regard to Gordon's challenge regarding the relevancy of the criminal charges as related to this appeal, we note that parental consent to an adoption is not required in cases of abuse if the cause is irremediable or will not be remedied by the parent. Ark.Code Ann. §§ 9–9–202(10) (Repl.2009) (defining "abuse" to include sexual abuse); 9–9–207(a)(4) (Repl. 2009); and 9–9–220(c)(2) (Repl.2009). Where a parent fails to make reasonable efforts to remedy the cause for twelve months, the presumption is that the cause will not be remedied. Ark.Code Ann. § 9–9–220(c)(2)(A).

We hold that, under these provisions, Gordon's consent to the adoption was not required. Mrs. Draper and K.G. testified that Gordon sexually abused K.G. Gordon, while represented by counsel, pled guilty to the rape of a minor. He made no effort to remedy the situation—failing even in his appellate brief to take responsibility for his actions, claiming that he pled guilty merely to make the proceedings stop.

Additionally, parental consent to an adoption is not required when the child is in another's custody, if the parent for at least one year fails significantly and with-

out justifiable cause to either communicate with the child or provide for the child's care and support as required by law. Ark.Code Ann. § 9–9–207(a)(2). A significant failure is one that is meaningful or important. *Henson v. Money,* 273 Ark. 203, 617 S.W.2d 367 (1981). A failure is unjustifiable if it is voluntary and intentional, i.e., arbitrary and without adequate excuse. *Courtney,* 2012 Ark. App. 148, at 14–15, 391 S.W.3d at 694–95.

We hold that Gordon's failure to communicate with K.G. was significant and unjustifiable. He did not communicate with K.G. from December 2010 through the time of the hearing—a period of some nineteen months. *See Reid v. Frazee,* 72 Ark.App. 474, 41 S.W.3d 397 (2001) (adoption granted where father had no contact with child for twenty-five months). Gordon claims that his imprisonment and a no-contact order prevented communication. The evidence indicates that no one stopped him from trying to contact her during the initial stages of the case from December 2010 until the no-contact order was entered in March 2011; yet Gordon did not attempt to contact K.G. during that time. And although the no-contact order specifically preserved Gordon's right to ask for a hearing to obtain visitation, he neither requested a hearing over the sixteen-month period that followed nor appealed the entry of the no-contact order. *Vier v. Vier,* 62 Ark.App. 89, 968 S.W.2d 657 (1998) (holding that a parent's failure to seek visitation is relevant).

We also hold that Gordon's reliance on his imprisonment to justify his failure to communicate with K.G. is misplaced. *Zgleszewski v. Zgleszewski,* 260 Ark. 629, 542 S.W.2d 765 (1976) (noting that contact can still occur when parent is in prison); *Courtney, supra.* He acknowledges that, even while in prison, he can use the telephone anytime, send letters on a daily basis, and have four-hour visits every weekend. Likewise, he could have requested a hearing on the visitation issue. Because Gordon did not utilize the resources available to him in prison, he cannot use his imprisonment as an excuse. *Zgleszewski,* 260 Ark. at 632–33, 542 S.W.2d at 768.

Moreover, Gordon acknowledges that he contributed nothing to K.G.'s care and support for eighteen months from January 2011 to the hearing date in August 2012, and we hold that this failure was unjustifiable. Gordon's excuse that he supported the children in the past and that it was now Mrs. Draper's turn simply has no basis under the laws of this state.

Gordon provides neither relevant authority nor meaningful argument for the proposition that he is entitled to an attorney. For that reason alone, this court declines to address the argument. *Mac-Kool v. State,* 2012 Ark. 287, at 7, 423 S.W.3d 28, 33. Additionally, we note that Gordon did not explicitly request representation by counsel, merely asking, "Do we need to carry on or is that something I need before we go any further?" Because that question was not an explicit request for counsel, he failed to preserve the issue for appeal. *Lucas v. Jones,* 2012 Ark. 365, at 8, 423 S.W.3d 580, 585.

Moreover, Gordon's argument is based on a deleted portion of the Arkansas Rules of Civil Procedure. Rule 17(c) was deleted in 2004; Ark. R. Civ. P. 17, Addition to Reporter's Note, 2004 Amend. This court has held that the Sixth Amendment right to counsel is not cognizable in ordinary civil cases. *Light v. Duvall,* 2011 Ark. App. 535, 385 S.W.3d 399.

Finally, Gordon contends that the adoption hearing was just procedural and that everyone there knew what was going to happen. He claims that it would not

have mattered how much he presented to the trial court. He alleges prejudicial misconduct on the part of both the court reporter and the trial judge that rises to the level of reversible error.[3]

We hold that Gordon failed to preserve this issue for review. Gordon had thirty days to amend his notice of appeal following the date that his Rule 59 motion was deemed denied, under Arkansas Rule of Appellate Procedure–Civil 4(b)(2). Because Gordon did not amend his notice of appeal, this court has no jurisdiction to hear the issue of prejudice raised in that motion. *Vibo Corp. v. State ex rel. McDaniel,* 2011 Ark. 124, 380 S.W.3d 411; *see also Gore v. Heartland Cmt'y Bank,* 356 Ark. 665, 158 S.W.3d 123 (2004).

Affirmed.

HIXSON and BROWN, JJ., agree.

---

**3.** Gordon states that he did not abstract this   because of changes in the record.