

Cite as 2014 Ark. App. 299

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CV-13-825

GARRETT COWSERT

APPELLANT

V.

MICHAEL PAUL BARGAR

APPELLEE

Opinion Delivered May 14, 2014

APPEAL FROM THE WHITE COUNTY CIRCUIT COURT
[NO. PR-2011-345-1]

HONORABLE TOM HUGHES, JUDGE

AFFIRMED

## JOHN MAUZY PITTMAN, Judge

This is an appeal from an order permitting appellee to adopt appellant's child without appellant's consent. The trial court found that appellant's consent was not necessary because he failed significantly without justification to communicate with or provide care and support for the child. We affirm.

We review adoption proceedings de novo on the record, but we will not reverse the trial court's decision unless its findings are clearly erroneous or clearly against the preponderance of the evidence, after giving due regard to the trial court's superior opportunity to determine the credibility of the witnesses. *Gordon v. Draper*, 2013 Ark. App. 352, ___ S.W.3d ___. In cases involving minor children, the trial court must utilize to the fullest extent all of its power of perception in evaluating the witnesses, their testimony, and the children's best interest. *Id.* Because the appellate court has no such opportunity, the

SLIP OPINION

superior position, ability, and opportunity of the trial court to observe the parties are afforded their greatest weight in cases involving minor children. *Id.*

Because appellant is the child's father with established rights, his written consent is required before the child may be adopted unless appellant's consent is rendered unnecessary because he has, for a period of at least one year, failed significantly without justifiable cause to communicate with the child or to provide for the care and support of the child as required by law or judicial decree. Ark. Code Ann. § 9-9-207(a)(2) (Supp. 2013). Under this statute, the trial court must find by clear and convincing evidence that the appellant failed in one or both of these areas. *Belcher v. Bowling*, 22 Ark. App. 248, 738 S.W.2d 804 (1987). "Failed significantly" does not require total failure but instead denotes a failure that is meaningful or important. *Pender v. McKee*, 266 Ark. 18, 582 S.W.2d 929 (1979). "Justifiable cause" means that the significant failure must be willful, *i.e.*, voluntary and intentional without just cause or adequate excuse. *Taylor v. Hill*, 10 Ark. App. 45, 661 S.W.2d 412 (1983).

Here, the trial court expressly found that appellant failed significantly, without justification, to communicate with the child or to provide care and support for the child as required by law or judicial decree. Because only one significant failure is required to render a parent's consent to adoption unnecessary, we address only the finding of failure to provide support without justification, which is unquestionably supported by the evidence. Appellant has been incarcerated since 2009. Appellant argues that, because the evidence showed that he received only six dollars per year from the State of Arkansas for being a prison inmate, his

undisputed failure to contribute to the support of the child was not voluntary. We do not agree.

Tommy James, a deputy warden employed at the Wrightsville Unit of the Arkansas Department of Correction, testified that there were four disciplinary classes for inmates ranging from I to IV, with IV being the lowest. He stated that appellant was a Class IV inmate because he had committed seven major and three minor disciplinary infractions, including fighting, possession of contraband, and not following prison rules. He explained that only Class I prisoners were eligible for community employment in work-release programs, for which they received pay, and that appellant did not qualify for such jobs because his continual violation of prison rules placed him in the lowest disciplinary class, Class IV. Mr. James also testified that appellant had once been a Class I prisoner in work release but had been removed from work release and transferred to Wrightsville because of his disciplinary issues. Mr. James said that it was possible for appellant to work his way up to Class I again, but to advance in class he would have to go thirty days without a disciplinary infraction. We think that it can reasonably be inferred from this testimony that appellant had the opportunity to provide some financial support for his child but lost that opportunity because of his own voluntary misbehavior while imprisoned. On this record, we hold that the trial court did not clearly err in finding that appellant failed significantly without justification to support the child, and we affirm.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Brett D. Watson, Attorney at Law, PLLC*, by: *Brett D. Watson*, for appellant.

*Ryan C. Allen*, for appellee.