Alan Deandre HARDRICK and Gregory Darnell Price
*v.* STATE of Arkansas

CA CR 93-1192                                   885 S.W.2d 910

Court of Appeals of Arkansas
En Banc
Opinion delivered November 2, 1994

106

*Mark Denniston,* for appellant Hardrick.

*Kent McLemore,* for appellant Price.

*Winston Bryant,* Att'y Gen., by: *Gil Dudley,* Asst. Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. Appellant Alan Hardrick appeals his convictions of aggravated robbery and theft of property for which he was sentenced to ten years and three years, respectively, in the Arkansas Department of Correction. He argues that it was error to admit into evidence pre-trial and in-court identifications, that it was error to admit evidence that the gun used in the robbery was stolen, and that there is insufficient evidence to sustain each conviction, namely, that the value of the stolen property was not proved to exceed $200.00. We find no error and affirm.

Appellant Gregory Price appeals a conviction of theft of property, a Class C felony, for which he was sentenced to three years in the Arkansas Department of Correction. He argues there is insufficient evidence to uphold his conviction for a failure to prove the property's value exceeded $200.00. We find no error and affirm.

A motion for a directed verdict is a challenge to the sufficiency of the evidence, and this issue must be considered prior to a review of trial errors. *Thomas* v. *State,* 312 Ark. 158, 847 S.W.2d 695 (1993). When the sufficiency of the evidence is challenged on appeal from a criminal conviction, we view the evidence in the light most favorable to the State, considering

only the evidence that tends to support the verdict, and will affirm if there is any substantial evidence to support the finding of guilt. *Friar* v. *State*, 313 Ark. 253, 854 S.W.2d 318 (1993). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other, inducing the mind to pass beyond mere suspicion or conjecture. *Thomas* v. *State*, 311 Ark. 609, 846 S.W.2d 168 (1993).

The victim, employed as a delivery driver, testified that around 9:00 p.m. on October 14, 1992, he went to Bud Walton Hall on the University of Arkansas campus to deliver food to a room on the second floor. Upon receiving no answer at the room, he turned to leave and noticed near the elevator a man about 6 feet tall and weighing about 170 pounds. The victim stated that as he walked toward the exit, he noticed near the stairs a second man about 6 feet 2 inches tall and weighing about 200 pounds wearing a navy blue sweatshirt and a dark colored ball cap. The victim said that as he turned a corner, he was grabbed by the back of the neck by the second individual he had seen and was shoved into the closed elevator doors. When he tried to pull back, a second person pushed him again toward the elevator. He also felt a hard object pressed against him. He was told to give them the money. The victim said that he wore a "fanny pack," that he took it off and then one of them, maybe the shorter of the two men who had been by the elevator earlier, grabbed it, while the other person continued to hold him by the neck with something held to his back. The victim said he was then pushed on the stairs and shown the barrel of a gun and told, "This is what I got, so do what I say or I'll shoot you." He said he was told to be quiet and walk directly back to his car, which he did. Sergeant Gary Bogle of the University of Arkansas Police Department arrived shortly after the robbery. He found a gun in the trash can on the second floor of the building. The victim subsequently identified this gun as the one used in the robbery. Ruby Ross with the Arkansas Crime Lab determined that appellant Hardrick's fingerprints were on ammunition in the gun. Appellant Hardrick conceded that the gun looked like his gun, but stated that he had disposed of it before the robbery occurred. The victim identified Hardrick in a pre-trial line-up with 50 percent certainty.

A person commits aggravated robbery if, with the purpose of committing a felony or misdemeanor theft or resist-

ing apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another and is armed with a deadly weapon or represents by word or conduct that he is so armed. Ark. Code Ann. § 5-12-102(a) and -103(a)(1) (Repl. 1993). Our review of the record indicates that the evidence is sufficient to support Hardrick's conviction of aggravated robbery. Hardrick essentially argues that alibi testimony which stated he was in a student's dormitory room at the time of the robbery overcomes the incriminating evidence against him. However, weighing the evidence, determining credibility, and resolving conflicts are matters for the factfinder, who may accept or reject any part of a witness's testimony. *Winters* v. *State*, 41 Ark. App. 104, 848 S.W.2d 441 (1993). Appellant Hardrick also contends that the victim's pre-trial identification should not be considered in determining the sufficiency of the evidence. However, in reviewing the sufficiency of the evidence, we look at all of the evidence even if some evidence is determined to be inadmissible. *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984).

■■ Appellants' sole challenge to the sufficiency of the evidence to support their convictions of theft of property is that the State failed to prove that the property value exceeded $200.00 to convict of a Class C felony. A person commits theft of property if he knowingly takes or exercises unauthorized control over the property of another person or knowingly obtains the property of another person, by deception or threat, with the purpose of depriving the owner thereof. Ark. Code Ann. § 5-36-103(a)(1) and (2) (Repl. 1993). Theft of property is a Class C felony if the value of the property is less than $2,500.00 but more than $200.00. Ark. Code Ann. § 5-36-103(b)(2)(A) (Repl. 1993). "Value" is the market value of the property at the time and place of the offense or if the market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the offense. Ark. Code Ann. § 5-36-101(11)(A)(i) and (ii) (Repl. 1993). The victim stated that he really did not know what the fanny pack was worth, that he purchased it used from a friend for $5.00 about nine to ten months before the theft, and that a replacement of lesser quality would cost $15.00. Appellants argue that the purchase price of the fanny pack conclusively determines its value. However, the purchase price paid by the owner is admissible only as a factor for the jury to consider in

determining market value when it is not too remote in time and bears a reasonable relation to present value. *Coley* v. *State*, 302 Ark. 526, 790 S.W.2d 899 (1990). It is the owner's present interest in the property that the law seeks to protect. *Hughes* v. *State*, 3 Ark. App. 275, 625 S.W.2d 547 (1981). In determining market value, the factfinder may consider when the owner purchased the property and at what price as well as the present cost to replace the property. *Sullivan* v. *State*, 32 Ark. App. 124, 798 S.W.2d 110 (1990).

■■ The principal investigator Steve Myer with the University of Arkansas Police Department testified that $185.30 in the fanny pack was also taken. The court overruled an objection that there was no foundation for the basis of the officer's knowledge and stated that counsel could cross-examine on that point. Appellants argue on appeal that this testimony is inadmissible hearsay. However, the only objection at trial to this testimony was a lack of foundation for the officer's knowledge, which the court overruled.[1] A party may not change the grounds for objection on appeal. *Walker* v. *State*, 301 Ark. 218, 783 S.W.2d 44 (1990). In *Harris* v. *State*, 284 Ark. 247, 681 S.W.2d 334 (1984), the Arkansas Supreme Court held that when there is a challenge to the sufficiency of the evidence, we must review that point prior to considering any alleged trial errors and, in doing so, we must consider all the evidence, including any which may have been inadmissible, in the light most favorable to appellee. We affirm the conviction if there is substantial evidence to support the trier of fact. *Ryan* v. *State*, 30 Ark. App. 196, 786 S.W.2d 835 (1990). The evidence before the jury in this case was sufficient to support the denial of the directed verdict motion, and we conclude that there was substantial evidence to support the court's finding that the value of the stolen property exceeded $200.00.

Appellant Hardrick's next argument is that two pre-trial photographic line-ups were unduly suggestive as he and co-defendant Price were the only suspects who were included in both line-ups and that the pre-trial and in-court identifications are inadmissible because the victim was not completely certain in

---

[1] The court sustained a hearsay objection to the officer's testimony as to the value of the fanny pack.

his identification of Hardrick. The first line-up took place on October 22, 1992, eight days after the robbery, and consisted of fifteen photographs. Officer Steve Myer testified that Hardrick's photo included in that line-up was taken on October 15, 1990. He stated that during the first line-up the victim paused longer at Hardrick's photo and Price's photo. He said the victim looked at each photo about a second, but paused ten to fifteen seconds at Hardrick's photo; however, he did not say anything. A second photographic line-up was conducted on April 13, 1993, and included six photographs. The photo of Hardrick in this line-up was a more recent one taken December 23, 1992. The victim said that he "saw somebody that looked familiar," but that he did not want to say. Officer Myer said that the victim identified Hardrick in the second line-up as the taller assailant who grabbed him and that he was 50 percent certain in his identity. The victim made an in-court identification of both appellants.

It is appellant's burden to show the pre-trial identification procedure was unduly suggestive. *Hayes* v. *State*, 311 Ark. 645, 846 S.W.2d 182 (1993). The reliability of pre-trial identifications determine their admissibility and the admissibility of the in-court identification. *Hayes* v. *State, supra.* The following factors are considered in determining reliability: (1) the prior opportunity of the witness to observe the alleged act; (2) the accuracy of the prior description of the accused; (3) any identification of another person prior to the pre-trial identification procedure; (4) the level of certainty demonstrated; (5) the failure of the witness to identify the defendant on a prior occasion; and (6) the lapse of time between the alleged act and the pre-trial identification. *Chism* v. *State*, 312 Ark. 559, 853 S.W.2d 255 (1993); *Hayes* v. *State, supra.* It is for the trial court to determine if there are sufficient aspects of reliability surrounding the identification to permit it into evidence. *Bishop* v. *State*, 310 Ark. 479, 839 S.W.2d 6 (1992). The appellate court does not inject itself into the process of determining reliability unless there is a very substantial likelihood of irreparable misidentification. *Chism* v. *State, supra; Hayes* v. *State, supra.* Finally, a trial court's ruling on the admissibility of an in-court identification will not be reversed on appeal unless the ruling is clearly erroneous under the totality of the circumstances. *Chism* v. *State, supra; Hayes* v. *State, supra.*

██ ██ The victim stated that he saw his assailants before and during the attack, that he was able to see their faces during the attack, and that although he could not be completely certain in his identity of Hardrick, he believed that he was involved and identified him in a line-up and in court. Even though the victim did not identify Hardrick in the first line-up, the testimony was that he lingered at Hardrick's photo longer than any other except Price's. At the first line-up, the victim identified Price, paused long at Hardrick's photo and did not identify anyone else. A victim's initial doubt, when considering the totality of the circumstances, may not be enough to taint the in-court identification. *Whitt* v. *State*, 281 Ark. 466, 664 S.W.2d 876 (1984). Hardrick was identified in the second line-up with 50 percent certainty.[2] Furthermore, Hardrick has not shown any suggestiveness in the identification procedure. Hardrick's and Price's photos were included in both line-ups, but no other suspect's photo was in both line-ups. In *Whitt* v. *State, supra*, the Arkansas Supreme Court upheld the admissibility of an in-court identification over arguments that suggestive pre-trial photographic line-ups tainted such identification. There, the victim was first shown a single photo of the defendant whom she declined to attempt to identify, but she was able to positively identify the defendant in a six-photo line-up conducted thirteen days later. In our case, the line-ups were conducted six months apart, and each photographic line-up included from six to fifteen photos, and each line-up contained different photographs of Hardrick taken more than two years apart. Reviewing the totality of the circumstances, we conclude the trial court was not clearly erroneous in allowing the pre-trial and in-court identifications into evidence.

Appellant Hardrick's final argument is the court erred in admitting evidence that the gun used in the robbery was stolen because there was no evidence that Hardrick knew the gun was stolen or was involved in the theft, and admission violates Ark. R. of Evid. 404(b) as evidence of other crimes. Hardrick testified that the gun identified by the victim was his gun and that he obtained the gun from his brother in Memphis. He said that he drew the gun to protect a friend involved in an altercation, and

---

[2]There was a third photographic line-up conducted by the court in which the victim identified Price and an unknown man.

then he threw the gun into the grass so that he would not have it in his possession when the police arrived; he stated his disposing of the gun was not based on knowledge that it was stolen. The court ruled that this opened the door for the State to question Hardrick as to whether he knew that the gun was stolen.

There was no evidence introduced that the gun was stolen. Hardrick denied that it was, and the State presented no evidence to contradict Hardrick's negative answers. *Wallin* v. *State*, 210 Ark. 616, 197 S.W.2d 26 (1946). Since Hardrick's argument on appeal addresses only the admission of evidence, rather than prejudicial questions, we find no error. *Bussard* v. *State*, 295 Ark. 72, 747 S.W.2d 71 (1988). Even if we found the questions to be improper, Hardrick's negative answers cured any prejudice. *Asher* v. *State*, 303 Ark. 202, 795 S.W.2d 350 (1990); *Cox* v. *State*, 264 Ark. 608, 573 S.W.2d 906 (1978).

We hereby affirm appellant Hardrick's convictions of aggravated robbery and theft of property and affirm appellant Price's conviction of theft of property.

Affirmed.