Candice J. MATTOCKS *v.* Paul R. MATTOCKS

CA 98–1017                                        986 S.W.2d 890

Court of Appeals of Arkansas
Divisions III and IV
Opinion delivered March 24, 1999

*Compton, Prewitt, Thomas & Hickey, P.A.,* by: *Robert C. Compton* and *Robin J. Carroll,* for appellant.

*Burbank Dodson & McDonald,* by: *Gary R. Burbank,* for appellee.

JOHN F. STROUD, JR., Judge. Paul R. Mattocks was granted a divorce from Candice J. Mattocks, and the parties were given temporary joint custody of their children pending further proceedings. Mr. Mattocks moved out of the marital home. A subsequent hearing was held on the issues of property division and custody of the two children who were still minors. The chancellor awarded Mr. Mattocks custody of the girls and possession of the house until the youngest daughter reached age eighteen or graduated from high school, whichever event occurred last, at which time the house was to be sold and the profits equally divided. The chancellor ordered an equal division of all other marital property, awarded alimony to Ms. Mattocks for twelve months, and ordered no child support until such time as Ms. Mattocks became employed.

The chancellor denied Ms. Mattocks's posttrial motions for a stay of the proceedings to enforce the decree and for relief from the decree. On appeal Ms. Mattocks contends 1) that the chancellor erred by not causing a record to be made of his *in camera* interview with the minor children, and 2) that she was denied due process at the final hearing because of procedural errors by the trial judge. Because we agree that error was committed on the first point, we reverse and remand; we therefore need not reach the second point.

After making an opening statement, appellee's attorney asked that the children be interviewed in chambers if the chancellor thought it appropriate. The chancellor stated, "[That's] usually the preferred method. It's the least difficult way for the children. We could swear them in, put them on the witness stand like any other witnesses but that's usually not preferred. Is that agreeable with you, Ms. Mattocks, for me to talk to the girls?" Appellant agreed to the interview, the chancellor announced a recess, and

the girls were interviewed in chambers off the record. When court resumed, the chancellor noted, "The girls, they said they would go back home probably."

Appellant contends that this court should find error by holding either that a record must be made of *in camera* interviews with minor children in custody cases, or that a record should be made unless waived by the parties. She argues that because there is no record of the children's testimony and the chancellor made only a vague reference to what they said, she had no chance to rebut the testimony and it is impossible for this court to review the chancellor's decision. Appellant specifically denies that she waived her right to have a record made.

Appellee contends that in a custody case the chancellor is not required, on his or her own motion, to make a record of an interview in chambers with the minor children. He cites *Jackson v. Smith*, 250 Ark. 923, 467 S.W.2d 704 (1971), and *Rush v. Wallace*, 23 Ark. App. 61, 742 S.W.2d 952 (1988), in support of this position. We find those cases distinguishable from the one now before us. The *Jackson* court stated only that it was unwilling to say that the chancellor erred in considering the wishes and attitude of a child interviewed privately in chambers by the chancellor, with the consent or acquiescence of the parents. In *Rush v. Wallace, supra*, attorneys for the parties were present at an unrecorded interview of the child and were permitted to question her. The *Rush* court ruled that a request for a record of the interview was untimely in that no objection was made until the interview was over; the court also noted that no attempt had been made to reconstruct the record under Rule 6(d) of the Arkansas Rules of Appellate Procedure, which provides a means of constructing a record in those cases where no record has been made.

We note that the *Jackson* and *Rush* cases were decided before Administrative Order Number 4 and Arkansas Code Annotated section 16-13-510 (Repl. 1994) were in effect. As of July 1, 1991, Administrative Order Number 4 imposed upon any circuit, chancery, or probate court the duty, "unless waived on the record by the parties," to require a verbatim record of all proceedings per-

taining to any contested matter before it. *In Re Admin. Order No. 4*, 305 Ark. 613 (1991). Additionally, Arkansas Code Annotated section 16-13-510 (Repl. 1994), reads in part as follows:

> (a) *In all cases before the circuit, chancery, or probate courts of this state, a complete record of the proceedings shall be made by the official court reporter, or other reporter designated by the court.* Upon the request of either party or the circuit, chancery, or probate judge, said record shall be transcribed, certified by the reporter as true and correct, and filed with the clerk of the court in which the proceedings were had, not less than ten (10) days before the expiration of time allowed for appeal.
>
> (b) *Nothing contained in this section shall prevent the parties, with the permission of the circuit court, from waiving a complete record of the proceeding.*

(Emphasis added.) Chancery and probate courts were added to subsection (a) by legislative amendment in 1993, but they were not added to subsection (b).

We are unable to find Arkansas case law that applies the above administrative order and statute to *in camera* interviews of children in child-custody cases. We realize that it has been common for chancellors, in the years before and after the effective dates of Administrative Order Number 4 and the amendment to Arkansas Code Annotated section 16-13-510, to speak freely with children in making determinations of child custody. Chancellors in open court sometimes specifically refer to a child's words or actions in the interview. *E.g. Lumpkin v. Gregory*, 262 Ark. 561, 559 S.W.2d 151 (1977).

■ The language of Administrative Order Number 4 requires a chancery court to make a verbatim record of *all proceedings pertaining to any contested matter* unless the parties waive the requirement on the record. No exception is made for matters of child custody. Furthermore, under Arkansas Code Annotated section 16-13-510(a) (Repl. 1994), a chancery court is obligated to take a court reporter into chambers when any matters are contested and also obligated to have the record transcribed upon timely request of parties or the chancery judge. Although section

16-13-510(b) allows parties to waive a complete record in circuit court, no such allowance is made for chancery or probate proceedings.

■ Administrative Order Number 4 requires a complete record of all proceedings unless waived on the record by the parties. It is undisputed that there was no waiver on the record in this case. A record must be made of *in camera* interviews in matters of child custody under the clear and unambiguous language of section 16-13-510 (1994), which clearly does not allow waiver of the record. Even if a waiver were permitted, we would not view appellant's agreement to the interview and her failure to request a written record as constituting an implied waiver of her right to have the record made.

We therefore find that the chancellor erred in not causing a record to be made of his *in camera* interview with the minor children. As we reverse and remand on the first point, we need not address the second point on appeal.

Reversed and remanded for actions consistent with this opinion.

NEAL, GRIFFEN, CRABTREE, MEADS, and ROAF, JJ., agree.