Matthew COON v. STATE of Arkansas

CA CR 01-257                                        65 S.W.3d 889

Court of Appeals of Arkansas
Division II
Opinion delivered December 19, 2001

*Thurman Ragar, Jr.*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Valerie L. Kelly*, Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case was arrested and confessed to robbing a Hardee's restaurant with a toy gun. He was charged with aggravated robbery and theft of property. Although represented by counsel, appellant made a *pro se* pretrial motion to suppress his confession and requested a *Denno* hearing. The court never ruled on the motion and a jury trial was held. Neither appellant nor appellant's attorney mentioned the motion. Appellant's attorney's trial strategy was to admit to robbery — which was done in both the opening and closing arguments — but to try to avoid a conviction for aggravated robbery by emphasizing that the gun was a toy, that appellant was young, and that he cooperated with police by confessing. In furtherance of this strategy, appellant testified in his own behalf, recounting all the significant statements made in his pretrial confession. Appellant was nevertheless convicted of aggravated robbery and theft of property. This appeal followed.

On appeal, appellant contends that the evidence was insufficient to support a conviction for aggravated robbery, and that the trial court erred in failing to rule on his *pro se* motion to suppress his confession.

■ ■ A motion for a directed verdict is a challenge to the sufficiency of the evidence. Consequently, we must first address this issue because the Double Jeopardy Clause precludes a second trial when a judgment of conviction is reversed for insufficient evidence. *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984) (citing *Burks v. United States*, 437 U.S. 1 (1978)). We disregard any alleged trial errors in determining the sufficiency question, because to do otherwise would result in avoidance of the sufficiency argument by remanding for retrial on other grounds. *Rose v. State*, 72 Ark. App. 175, 35 S.W.3d 365 (2000).

■ When the sufficiency of the evidence is challenged on appeal from a criminal conviction, we view the evidence in the light most favorable to the State, considering only the evidence that tends to support the verdict, and will affirm if there is any substantial evidence to support the finding of guilt. *Hardrick v. State*, 47 Ark. App. 105, 885 S.W.2d 910 (1994). Substantial evidence is evidence of sufficient force and character to compel a conclusion one way or the other, inducing the mind to pass beyond mere suspicion or conjecture. *Id.*

■ A person commits robbery if, with the purpose of committing a felony or misdemeanor theft or resisting apprehension immediately thereafter, he employs or threatens to immediately employ physical force upon another. Ark. Code Ann. § 5-12-102(a) (Repl. 1997). A person may commit aggravated robbery by committing robbery and representing by word or conduct that he is armed with a deadly weapon. Ark. Code Ann. § 5-12-102(a)(1) (Repl 1997).

■ Appellant argues that there is insufficient evidence to support his aggravated robbery conviction because there was no evidence that appellant held the gun during the robbery. We find no error on this point. Appellant's confession was admitted at trial. Following introduction of his confession, appellant also testified, stating that he gave the recorded statement admitting his involvement, and affirming that what he told the police officer was true. He testifed that some friends approached him and asked him to help them rob the Hardee's store. Appellant stated that he agreed and that they obtained some BB guns and drove to Hardee's. Appellant stated that he stuck the BB gun through the back door of the store

and pointed it at the manager, that he did not tell her that it was a toy gun, and that it was his intention for the Hardee's employees to believe it was a real gun that could harm or kill them. Finally, he testified that it was his intention to make money by doing this. We hold without hesitation that this constitutes substantial evidence to support appellant's conviction for aggravated robbery.

Next, appellant argues that the trial court erred in failing to rule on his *pro se* motion to suppress his confession. First, we observe that appellant did not waive this argument by proceeding to trial without reminding the trial judge that the motion was pending. A hearing is mandatory on a motion to suppress, and the supreme court has said that a defendant is not required to question the admissibility of his pretrial statements more than once. *Greene v. State*, 335 Ark. 1, 977 S.W.2d 192 (1998); *Rankin v. State*, 329 Ark. 379, 948 S.W.2d 397 (1997).

Second, we note that there is a real question as to whether the motion was properly before the trial court. Appellant was represented by counsel throughout the proceedings, including the time when he made his *pro se* motion to suppress. This sort of hybrid representation is not favored, and it was within the trial judge's discretion to strike the *pro se* motion because appellant was represented by counsel. *Monts v. Lessenberry*, 305 Ark. 202, 806 S.W.2d 379 (1991). When the record is silent regarding the trial court's findings, our usual practice is to presume that it made all the findings necessary to support the action taken. We are unable to do so in this instance because a *pro se* pretrial motion by a defendant represented by counsel requires a ruling on the record by the trial judge. *Id*.

Third, we hold that, even if appellant's pretrial confession should have been suppressed, the error was harmless beyond a reasonable doubt in view of the fact that appellant testified at his trial and repeated every material aspect of his pretrial statement. *Isbell v. State*, 326 Ark. 17, 22, 931 S.W.2d 74, 77 (1996). At trial, appellant admitted having committed every element of aggravated robbery, and there were no factors tending to make appellant's second statement unreliable. *See id*. Finally, no argument was made below suggesting that appellant was forced to testify because his earlier statement was admitted, nor is that argued here. We assume the decision to testify and give a "judicial confession" was simply a matter of trial strategy. It appears that his testimony was given to demonstrate his youth and repentance to the jury, to show that he cooperated with the police by giving a statement, and to emphasize

that the guns employed in the robbery were not deadly weapons. *See id.*

Affirmed.

JENNINGS and VAUGHT, JJ., agree.