## FIRST NATIONAL BANK of Lewisville *v.*
## Eddie MAYBERRY, Chylene Mayberry, & Farmers Bank and Trust Company

04-1381                                           233 S.W.3d 152

### Supreme Court of Arkansas
### Opinion delivered March 23, 2006

*David P. Price*, for appellant.

*David W. Talley, Jr.*, for appellees.

BETTY C. DICKEY, Justice. This appeal arises out of a foreclosure granted by the Columbia County Circuit Court in favor of the appellant, First National Bank of Lewisville (the bank), and Farmers Bank and Trust[1] against land owned by appellees, Eddie and Chylene Mayberry. The bank is appealing the circuit court's

---

[1] Farmers Bank & Trust was named a defendant in appellant's complaint for foreclosure because it holds a prior lien on the residence parcel; however, as there has been no sale of the residence parcel, Farmers is not a party to this appeal.

denial of its motion to vacate documents related to the foreclosure sale of the Mayberrys' property that it claims contained a clerical mistake. Appellant argues that the circuit court erred in not correcting the erroneous documents pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure. The circuit court's decision was affirmed by the Arkansas Court of Appeals in *First National Bank of Lewisville v. Mayberry,* 89 Ark. App. 5, 199 S.W.3d 716 (2004). We granted appellant's petition for review of that decision pursuant to Ark. Sup. Ct. R. 1-2(e). However, we now dismiss the appeal, without prejudice, as there was not a final, appealable order.

Appellant initiated foreclosure proceedings against the Mayberrys on August 21, 2002. The Mayberrys' property comprised two parcels of land: Tract A contained 11.69 acres and some chicken houses (hereinafter, the "acreage parcel"), and Tract B contained 2.10 acres and the Mayberrys' home (hereinafter, the "residence parcel"). Appellant held a first-mortgage lien on the acreage parcel and a second-mortgage lien on the residence parcel, subject to a first-mortgage lien in favor of Farmers Bank & Trust Company.

The foreclosure action went to trial on January 30, 2003. Appellant appeared by its attorney; the Mayberrys appeared pro se. In lieu of a trial, the parties reached an agreement that was memorialized by a handwritten entry on the court's docket sheet, which read as follows:

> Case called for trial: D. Price for Bk of Lewisville, Eddie & Chylene Mayberry appear pro se, Parties agree to foreclosure in rem, Bank agrees to two sales — will sell property one parcel at time — will sell non-home parcel first — determine defic [deficiency] then attempt to work out something on home.

The circuit court entered a decree of foreclosure, awarding judgment in rem against both parcels of land in favor of appellant in the amount of $86,534.90 and against the residential parcel in favor of Farmers Bank & Trust Company in the amount of $53,693.15. The decree also appointed John Upton, appellant's president, as commissioner to advertise and sell the property. On that same date, Mr. Upton filed a notice of commissioner's sale of the acreage parcel to be held on February 19, 2003.

When no bids were received on the property at the commissioner's sale, Mr. Upton bid on the property for appellant.

Following the sale, the commissioner filed the commissioner's report of sale describing the acreage parcel and stating that appellant

> did bid and offered the sum of $86,534.90 for all of the property described in said Decree [of Foreclosure]. This was the highest bid made at such offering, and said property was struck off and sold to said bidder, subject to the approval of this Court, at the price offered.

On March 3, 2003, the circuit court entered an order confirming the sale, an order approving the commissioner's deed, and the commissioner's deed. The sale price listed on all of these documents was $86,534.90.

On May 2, 2003, the commissioner advertised the sale of the residence parcel to be held on May 22, 2003. Before the sale, the Mayberrys filed a complaint seeking an injunction to prevent the sale of the residence parcel, contending that the $86,534.90 purchase price received for the sale of the acreage parcel satisfied in full the Mayberrys' indebtedness to appellant. The circuit court granted a preliminary injunction on May 19, 2003, and on May 21, 2003, appellant filed a motion to vacate the commissioner's report of sale, the order confirming the sale, the order approving the commissioner's deed, and the commissioner's deed, alleging that as a result of mistake and inadvertence of the scrivener, the documents erroneously stated an incorrect amount as to the bid and sale price for the acreage parcel.

At a hearing on the motion to vacate, Mr. Upton testified that, in addition to himself and his attorney, only two people showed up at the sale, which took place at the Columbia County courthouse. He said that the people made a few jokes about the condition of the property and said that the most they would pay for the property was $5,000. Mr. Upton then testified that he made a bid on the property for appellant in the amount of $26,534.90, which equaled the total amount of the judgment less $60,000. There is no written record of the proceedings. When asked the significance of the $60,000, he stated that appellant's appraisal of the home, conducted when the loan was made, valued the home at $63,000. Mr. Upton testified that after the sale, he signed a report of sale prepared by his lawyer that incorrectly stated that the amount of the bank's bid was $86,534.90. He admitted that he probably did not look at the report of sale and commissioner's deed

when he signed them because he generally relied upon what he received from his lawyer to be accurate.

In an affidavit filed on the date of the hearing, appellant's attorney confirmed Mr. Upton's account of the sale and appellant's bid, and also stated that the acreage parcel had appraised for less than $20,000. He explained that his secretary prepared the post-sale foreclosure documents, doing what was "usual and customary" by showing that the entire amount of the judgment, in this case $86,534.90, was bid for the property. However, because this foreclosure was being handled as two sales rather than the normal practice of one sale, the entire amount of the judgment was not bid on the acreage parcel. The attorney stated that he did not "catch" the error in the documents before they were sent to Mr. Upton.

After the hearing, the trial court did not rule on appellant's motion to vacate. Appellant deemed its motion to have been denied after the lapse of thirty days, and filed its appeal. *See* Ark. R. App. P. – Civ. 4(b)(1). The court of appeals affirmed, finding that the error resulted from the inadequate representation of appellant's own president and its attorney. The court then held that this was not the type of "clerical error" contemplated by Ark. R. Civ. P. 60(b). *First Nat'l Bank of Lewisville v. Mayberry,* 89 Ark. App. 5, 199 S.W.3d 716 (2004). We granted appellant's petition for review of that decision pursuant to Ark. Sup. Ct. R. 1-2(e).

When this court grants a petition to review a decision of the court of appeals, we review the matter as if the appeal had been originally filed in this court. *Office of Child Support Enforcement v. Pyron,* 363 Ark. 521, 215 S.W.3d 637 (2005). We review a trial court's determination of a Rule 60 motion for abuse of discretion. *See Wandrey v. Etchison,* 363 Ark. 36, 210 S.W.3d 892 (2005); *Pyron, supra.*

It is undisputed that the circuit court did not rule on appellant's motion to vacate. This court has long held that, to be appealable, an order must be final. *Liberty Life Ins. Co. v. McQueen,* 364 Ark. 367, 219 S.W.3d 172 (2005); Ark. R. App. P. – Civ. 2(a)(1). However, appellant contends that his motion may be deemed denied, pursuant to Ark. R. App. P. – Civ. 4(b)(1), since there had been a lapse of thirty days without a ruling from the circuit court. Appellate Rule 4(b)(1) states in pertinent part:

> Upon timely filing in the circuit court of a motion for judgment notwithstanding the verdict under Rule 50(b) of the Arkansas

> Rules of Civil Procedure . . . or any other *motion to vacate*, alter or amend the judgment *made no later than 10 days after the entry of judgment*, the time for filing a notice of appeal shall be extended for all parties . . . However, if the circuit court neither grants nor denies the motion within thirty (30) days of its filing, the motion shall be deemed denied by operation of law as of the thirtieth day. . . .

Ark. R. App. P. – Civ. 4(b)(1) (emphasis added).

██ Appellant's motion to vacate was filed on May 21, 2003, one day after the filing of the court's order granting a preliminary injunction on behalf of the Mayberrys, which directed First National Bank of Lewisville to cease its attempt to sell the property. If appellant's motion to vacate was an attempt to vacate the preliminary injunction, it clearly would fall within Appellate Rule 4(b)(1), and could be "deemed denied" after a lapse of thirty days without a ruling from the court. However, appellant's motion to vacate was, in reality, an attempt to vacate the order confirming the sale, the order approving the commissioner's deed, and the commissioner's deed, all of which were filed on March 11, 2003. Because the motion to vacate was not filed within ten days of March 11, 2003, it does not fall within the "deemed denied" provision of Appellate Rule 4(b)(1).

██ Appellate Rule 4(b)(1), however, is irrelevant to this argument, as an argument based upon a clerical error can be raised at any time under Rule 60(b). Ark. R. Civ. P. 60(b). Appellant is arguing on appeal that the circuit court erred in not correcting the erroneous documents pursuant to Rule 60(b) of the Arkansas Rules of Civil Procedure. The trial court failed to make a ruling regarding Rule 60(b). Again, this court may not entertain an argument when a final order on the issue being appealed was not made by the trial judge. *Liberty Life Ins. Co., supra.* Therefore, this court lacks jurisdiction to hear the instant appeal until there is a final, appealable order.

Dismissed.

GUNTER, J., not participating.