Donna Courtney TURNER *v.* Mark R. BRANDT
and Nanci Lynn Brandt

CA 07-88                                                 268 S.W.3d 924

Court of Appeals of Arkansas
Opinion delivered November 28, 2007

*Timothy M. Weaver*, for appellant.

*Slinkard Law Firm*, by: *Andrew R. Huntsinger*, for appellees.

SAM BIRD, Judge. Donna Turner appeals an order of the Benton County Circuit Court that awarded judgment, costs, and attorney's fees to her neighbors, Mark and Nanci Brandt, in their boundary-line dispute with her. Noting that Turner twice had been found in contempt of the court's previous rulings in this case, the order stated that the court would tolerate no violations of its order and judgment. Further, the order stated:

> To ensure that [Turner] abides by this ruling, should [she] violate ANY element or provision of this Judgment and Order, the [Brandts] shall immediately petition the Court for a hearing, and if it is found that [she] has, in fact, violated this Order and Judgment, that upon a petition by [the Brandts] and a finding by the court that [she] had in fact violated the order and judgment, [she] shall immediately be sentenced to not less than one hundred eighty (180) days in jail and shall be obligated to pay, in addition to any fine deemed appropriate by the Court, any and all of [the Brandts'] attorney's fees associated with petitioning the Court and proving the elements of that petition.

Turner raises three points on appeal. First, she contends that the order should be set aside and the case remanded for a new hearing because the court failed to make a record of a hearing to which the order refers. Second, she contends that the award of costs and attorney's fees was improper without a record to establish the basis of the award. Third, she contends that the court erred in pre-setting "minimum punishments for all future acts of contempt that include 180 days of incarceration." We find no merit to these points, and we affirm the order of the circuit court.

### The Missing Record

The circuit court's written order, filed on October 5, 2006, states that this matter came before the court for trial on August 29, 2006; that the Brandts, appearing in person and by their attorney, announced ready for trial; and that Turner, after being called, was found not to be present. The order reflects that the court made its findings "upon review of the pleadings and petitions filed herein and other matters before the Court."

Turner contends on appeal that the circuit court's failure to make a record is grounds to set aside its order and that the case should be remanded so that a hearing can be held and a record can be made. She notes the statutory requirement that all circuit courts "shall keep just and faithful records of their proceedings." Ark. Code Ann. § 16-10-104 (Repl. 1999). She asserts that the court's failure to make a record of the August 29 hearing, if it actually took place, leaves her and the appellate court without the ability to review the basis of its findings. The Brandts respond that appealing a matter and seeking remand is not the correct course to pursue for the creation of a record, and that Turner should have pursued other options at the trial level. We agree.

■ Rule 6(d) of the Arkansas Rules of Appellate Procedure–Civil provides that, if no record was made of the evidence or proceedings at a hearing, the appellant may prepare a statement of the evidence or proceedings from the best means available, and the appellee may respond with amendments or objections; the trial court then settles and approves the record. It is clear that the procedures outlined in Rule 6(d) are to be pursued in the trial court and not in the appellate court. *Crafton v. State*, 274 Ark. 319, 624 S.W.2d 440 (1981). When there is no attempt to make a record in compliance with Rule 6(d), it is presumed that the matters presented in the unrecorded hearing support the trial

court's findings. *Argo v. Buck*, 59 Ark. App. 182, 954 S.W.2d 949 (1997). The appellant cannot demonstrate error without the evidence and testimony, and it is well established that the abstract is the record for purposes of appeal. *Id.* Here, because Turner did not attempt to reconstruct a record under Rule 6(d) of the Arkansas Rules of Appellate Procedure—Civil, she cannot demonstrate error by the trial court concerning its failure to make a record.

### The Award of Costs and Attorney's Fees

As her second point on appeal, Turner contends that the award of costs and attorney's fees to the Brandts was improper without a record to establish a basis for the award. Again, Turner cannot demonstrate error because she has made no attempt to make a record in this case. *See id.* Furthermore, she has waived this argument on appeal because she did not raise this issue to the circuit court. Objections to the circuit court's award of costs and attorney's fees must be raised in the trial court, perhaps via a motion to amend the judgment pursuant to Ark. R. Civ. P. 52(b). *Farm Bureau Mut. Ins. Co. of Arkansas, Inc. v. David*, 324 Ark. 387, 921 S.W.2d 930 (1996).

### Punishment for Future Acts of Contempt

Turner contends as her third point that it was error for the circuit court "to pre-set minimum punishments for all future acts of contempt that include 180 days of incarceration." As previously noted in our opinion, the court warned Turner that she would receive the sentence should the court find, upon a petition by the Brandts, that she had in fact violated its order. Turner raises arguments concerning civil versus criminal contempt, the length of sentence allowed for contempt by statute, and due-process rights afforded a person charged with indirect contempt. She asserts that the court's order pre-sets the sentence based on a hearing at which no record was made and at which she was not present.

We agree with the Brandts that Turner has failed to show that she has been prejudiced by the court's threat to hold her in contempt should she not obey its order. Only upon entry of a final order granting a petition for contempt would an appeal of the "pre-set" 180-day sentence be ripe for review. Therefore, it is not proper for us to address the question of whether or not the order prescribed or warned of inappropriate punishments.

Affirmed.

GRIFFEN, J., agrees.

HART, J., concurs.

JOSEPHINE LINKER HART, Judge, concurring. I agree that this case should be affirmed. However, I write separately because I wish to emphasize my belief that the appellant's argument is unavailing. If this were a case where the trial court neglected or refused to make a verbatim record of a hearing, our case law is clear that the case must be reversed, even if an appellant failed to make a contemporaneous objection. In *Mattocks v. Mattocks*, 66 Ark. App. 77, 986 S.W.2d 890 (1999), we interpreted the supreme court's Administrative Order No. 4 to require that we reverse a case where the trial judge failed to make a record of in camera proceedings despite the appellant's apparent acquiescence to the practice at the hearing. Likewise, in *George v. State*, 356 Ark. 345, 151 S.W.3d 770 (2004), the supreme court remanded the case when no verbatim record of a proceeding was made. Moreover, I do not believe that *Argo v. Buck*, 59 Ark. App. 182, 954 S.W.2d 949 (1997), the case that the majority relies on, would compel a different result. In *Buck*, the court of appeals affirmed when the appellant failed to ensure that deficiencies in the transcript were rectified prior to the case being submitted on appeal. Certainly *Mattocks* and *George* do not annul the maxim that it is the appellant's duty to bring up a record that demonstrates error.

This case differs from *Mattocks* and *George* because appellant is unwilling to establish whether or not a hearing was even held. From the record, it appears likely that there was no hearing to record. I believe that a fair reading of the transcript indicates that this case involved the entry of a default judgment, and apparently no effort was made to set the default judgment aside, as provided for in Rule 55 of the Arkansas Rules of Civil Procedure. Similarly, I am troubled by the fact that the trial court awarded $5,000 in attorney feees without the submission of a fee petition, as required by Rule 54(e) of the Arkansas Rules of Civil Procedure. However, I agree with the majority that this argument was not presented either to the trial court or to this court on appeal, and therefore it obviously cannot support reversal of this case.

Finally, regarding the trial judge's threat to summarily impose a 180-day sentence for future contempt, I believe this rare display of judicial intemperance communicates a bias on the part of the trial judge that should support a recusal motion in the event

that the appellant is summoned to appear at some time in the future. Nonetheless, I agree with the majority that, because it involves only a possible future cause of action, it is not ripe for our consideration.