Virgil HAUSMAN, Dorothy Hausman, Dwain Hausman, and Vernon Hausman *v.* Dale THROESCH, Tonya Throesch, Thomas Throesch, Teresa Throesch, Paul Throesch, and Mary Throesch

CA 08-478                                           289 S.W.3d 493

Court of Appeals of Arkansas
Opinion delivered December 10, 2008

*Roy E. Meeks*, for appellants.

*Don R. Brown*, for appellees.

D.P. MARSHALL, Judge. Does a servient landowner ever have the right to change, without the easement holder's permission, the location of an established easement if the landowner provides an alternate route? We cannot answer that interesting legal question for want of appellate jurisdiction.

The Hausmans plowed up a road that ran through the middle of their field. The Throesches had an implied easement to use that road to get to their adjoining field. The Hausmans moved the road to the edge of their field so that they could level and better utilize their land for growing rice. The circuit court found that the Hausmans had no legal right to either move the easement or insist that the Throesches use an alternate route. The court entered a final order resolving all the issues. It directed the Hausmans to rebuild the road in its original location. The Hausmans filed a post-trial motion under Rule of Civil Procedure 52. They asked the court to amend its findings, or to make additional findings, about the specifications for rebuilding the original road. The court held a hearing on the motion. Ruling from the bench, the court modified its original order slightly. The court later entered an amended order, which embodied its original order and its oral ruling making the change in specifications. The Hausmans appeal the amended order.

■ "Timely filing of a notice of appeal is jurisdictional, and we are required to raise the issue of subject-matter jurisdiction on our own motion." *Stacks v. Marks*, 354 Ark. 594, 599, 127 S.W.3d 483, 485 (2003). The time-line of filings and events illuminates the jurisdictional issue:

| | |
|---|---|
| 14 September 2007: | Court entered original order[1] |
| 19 September 2007: | Hausmans filed Rule 52 motion |

---

[1] The signature page of this order is missing from the addendum and the record. The parties assume and premise their arguments, however, on the circuit court's entry of a signed order on 14 September 2007.

| | |
|---|---|
| 29 October 2007: | Court held hearing on Rule 52 motion and made an oral ruling |
| 4 January 2008: | Court entered amended order |
| 22 January 2008: | Hausmans filed notice of appeal |

The Hausmans' Rule of Civil Procedure 52 motion for amended or additional findings was timely. Ark. R. App. P.–Civ. 4(b)(1). It therefore tolled their time to file a notice of appeal from the original final order. *Ibid.* But the circuit court neither granted nor denied the motion within thirty days. Thus the motion was deemed denied by operation of law on 19 October 2007. *Ibid.* The circuit court lost jurisdiction on that date because it had entered no decision of record on the motion within the thirty-day period. *Ark. State Highway Commission v. Ayres*, 311 Ark. 212, 214, 842 S.W.2d 853, 854 (1992). The Hausmans then had thirty days to file their notice of appeal. Ark. R. App. P.–Civ. 4(b)(1). The Hausmans did not file their notice, however, until 22 January 2008 — well after their thirty-day deadline had passed. We therefore do not have jurisdiction and must dismiss this appeal. *Seay v. C.A.R. Transportation Brokerage Co.*, 366 Ark. 527, 530-31, 237 S.W.3d 48, 51 (2006).

■ Even if we construe the Hausmans' motion as arising under Rule of Civil Procedure 60(a), thus expanding the circuit court's window to amend its final order to ninety days, we still do not have jurisdiction. The court held its late October 2007 hearing on the Hausmans' motion within ninety days of entering the original order. The court ruled from the bench at the end of that hearing. But "[p]ursuant to Administrative Order 2(b)(2), an oral order announced from the bench does not become effective until reduced to writing and filed." *Community Bank of North Ark. v. Tri-State Propane*, 89 Ark. App. 272, 279, 203 S.W.3d 124, 128 (2005). The court did not reduce its bench ruling to writing, and enter its amended order, within the ninety-day period of jurisdiction provided by Rule 60(a). The Hausmans' appeal, therefore, cannot be salvaged by looking to Rule 60 and the amended order.

Dismissed.

Robbins, Bird, Glover, and Heffley, JJ., agree.

Baker, J., dissents.

Karen R. Baker, Judge, dissenting. The majority interprets the phrase "if the court neither grants nor denies the motion within 30 days of the date on which it is filed or treated as filed, it shall be deemed denied as of the 30th day" to require a trial court to memorialize its action in writing and file an order of record or lose its jurisdiction. This language appears in Rule 52(b) of the Arkansas Rules of Civil Procedure addressing the amendment of findings and the judgment and in Arkansas Rule of Appellate Procedure–Civil 4(b)(1) regarding the extension of time for filing a notice of appeal. The plain language of the rule merely provides that if the trial court fails to act, the motion will be deemed denied for purposes of determining the timeliness of an appeal. The provision contains no restriction regarding the method or means by which the court may act. The majority's interpretation restricts the trial court's inherent authority to protect the integrity of the proceedings and to safeguard the rights of the litigants before it.

In this case, the record contains no written order granting the Rule 52(b) motion; however, the court held a hearing forty days after the written motion was filed and modified the original order. No party objected to the trial court's jurisdiction at either the trial level or on appeal.

Two principles lead me to the conclusion that the trial court had jurisdiction to enter the amended order. Each of these principles is premised upon the trial court's inherent authority to protect the integrity of the proceedings and to safeguard the rights of the litigants before it. *Reid v. Frazee*, 72 Ark. App. 474, 41 S.W.3d 397 (2001); *City of Fayetteville v. Edmark*, 304 Ark. 179, 801 S.W.2d 275 (1990).

First, as an appellate court, we are required to presume that a trial court's findings are correct in the absence of a record to the contrary. *See, e.g., Turner v. Brandt*, 100 Ark. App. 350, 268 S.W.3d 924 (2007); *Argo v. Buck*, 59 Ark. App. 182, 954 S.W.2d 949 (1997). In cases falling within the usual powers of the court the rule is that, where the record is silent with respect to any fact necessary to give the court jurisdiction, it will be presumed that the court acted within its jurisdiction. *Oliver v. Routh*, 184 S.W. 843 (1916) (distinguishing usual from special powers in probate court). Furthermore, when the record is silent regarding the trial judge's findings, the appellate court presumes that the trial judge made all the findings necessary to support the action taken. *Coon v. State*, 76 Ark. App. 250, 65 S.W.3d 889 (2001). When applying this

presumption, we should be mindful of the inherent authority of the trial court to control court records. *Ward v. State*, 369 Ark. 313, 253 S.W.3d 927 (2007).

Neither Rule 52(b) nor Rule 4 limits the trial court's ability to act by requiring the court's action be in writing or that a written memorialization of the action be filed with the clerk. Applying our general deference to the trial court's inherent authority, we should presume that it acted within its jurisdiction absent evidence to the contrary. In the case before us, the record is silent as to when the trial court granted the Rule 52(b) motion. Accordingly, we should presume that the trial court acted within its jurisdiction when it granted the motion and when it held the hearing.

Second, once the trial court reasserted its active contemplation of the case, the "deemed denied" provision of Rule 4(b)(1) can no longer be applicable. *See First Nat'l Bank of Lewisville v. Mayberry*, 366 Ark. 39, 233 S.W.3d 152 (2006) (holding that because the motion to vacate was not filed within ten days of the order appealed from it did not fall within the "deemed denied" provision of Rule 4(b)(1); accordingly the motion was still pending and, with no Rule 54(b) certification, the court had no jurisdiction to entertain appeal until there was a final, appealable order). Once the trial court granted the Rule 52(b) motion, the deemed denied provisions of either rule could no longer be applied to the motion. Furthermore, once the trial court asserted its jurisdiction pursuant to Rule 52(b), its jurisdiction continues. Nothing in Rule 52(b) limits the court's jurisdiction once it reasserts it by granting the motion. Any limitation is inconsistent with the trial court's inherent authority.

We must presume that the trial court in this case granted the Rule 52(b) motion because the trial court held a hearing pursuant to the motion and nothing in the record demonstrates that the trial court granted the motion outside of the thirty days. This case is unlike cases where a trial court granted or denied a new trial after the thirty days and the grant or denial in the record was itself evidence that the trial court acted outside of its jurisdiction. *See McCoy v. Moore*, 338 Ark. 740, 1 S.W.3d 11 (1999); *Ark. State Highway Comm'n v. Ayres*, 311 Ark. 212, 842 S.W.2d 853 (1992).

The majority's interpretation essentially rewrites Rule 52(b) to require that the court enter a written order granting the motion within thirty days of the filing of the motion or forfeit its jurisdiction. It is inappropriate for us to interpret Rule 52(b) as

limiting the trial court's inherent authority without a clear expression of that intent within the rule itself or by the supreme court. Accordingly, I would find that the trial court had jurisdiction to enter its modified order and reach the merits of the case.