Cite as 2020 Ark. App. 413

# ARKANSAS COURT OF APPEALS

DIVISION IV
**No.** CR–19–816

| | | |
|---|---|---|
| JAMES EDWARD POPE II | | **Opinion Delivered:** September 16, 2020 |
| | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION |
| V. | | [NO. 60CR-18-1417] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE BARRY SIMS, JUDGE |
| | | REVERSED AND REMANDED |

**MIKE MURPHY, Judge**

Appellant James Pope appeals a Pulaski County Circuit Court order revoking his probation and sentencing him to four years in the Arkansas Department of Correction. Pope asserts that the circuit court committed reversible error by admitting testimony into evidence in violation of the Confrontation Clause. We reverse and remand.

In May 2018, Pope pleaded guilty to possession of a controlled substance and possession of drug paraphernalia, and the court sentenced him to three years' supervised probation. In July 2018, the State filed its first petition to revoke Pope's probation. Pope admitted violating the terms and conditions of his probation. Pope was sentenced to an additional three years' probation for that violation. The State filed a second petition to revoke Pope's probation in April 2019, alleging several violations. Specifically, the petition provided that Pope had failed to report to his probation officer as directed on January 10,

2019. The next day, Pope's supervising officer, Officer Zimmerman, conducted a home visit, but Pope was not present. According to the petition, Pope's fiancée told the officer that Pope had quit his job and had not been seen in about a week. The fiancée's father reported that Pope had threatened him with a crowbar when he tried to break up an argument between the couple. He claimed that Pope then left and had not been seen since. The petition further stated that Pope failed to provide his supervising officer with his correct residential address and failed to pay fines and court costs in accordance with his probation conditions.

On June 24, at the revocation hearing, the State presented the testimony of its sole witness, probation officer Angela Berry. Pope objected to her testimony on the basis that Officer Berry was not his probation officer, that she did not go over the probationary conditions with him, and that she did not know him. Pope argued that he had a right to confront his own probation officer and that the State should have subpoenaed that officer. The State responded that Officer Berry filed the revocation petition, that she has access to, and custody of, all logs and documentation pertaining to all probation officers in the state, and that she is a keeper of those records. The court overruled the objection without explanation.

Officer Berry testified that she was initially assigned to Pope, but she transferred his supervision to Grant County on November 21, 2018, because he lived there. She testified that she has access to all probation records that are recorded in a program called EOMIS, including the records for Pope that were kept by Officer Zimmerman. She testified that Pope was still technically under her supervision for Pulaski County and that if he got any

new charges, she would be notified of them in Pulaski County. She explained that Officer Zimmerman requested the revocation be filed due to Pope's failure to report but that she was the one who filed it. Officer Berry testified that she keeps a log of notes involving interactions with Pope and that she can see notes made by other probation officers, including Zimmerman. The notes showed that Pope failed to report in person as directed on January 10 and again on January 11 due to a home visit being conducted. The notes further provided that his whereabouts were unknown and that Pope had quit his job without permission and failed to report that he was unemployed. The State rested after Officer Berry testified. Pope called no witnesses but maintained his confrontation objection. At the conclusion of the hearing, the circuit court revoked Pope's probation and sentenced him to four years' imprisonment.

For his sole argument on appeal, Pope argues that he has a statutory and constitutional right to confront the witnesses against him in a probation-revocation proceeding and that the circuit court violated these rights.

Generally, a defendant in a revocation hearing is not entitled to the full panoply of rights that attend a criminal prosecution, but he or she is entitled to due process. *Goforth v. State*, 27 Ark. App. 150, 767 S.W.2d 537 (1989). As we recognized in *Goforth*, the United States Supreme Court has held that a defendant is entitled to the right to confront and cross-examine adverse witnesses unless good cause is shown for not allowing confrontation. *Id.* at 152, 767 S.W.2d at 538 (citing *Gagnon v. Scarpelli*, 411 U.S. 778 (1973)). This holding is codified at Arkansas Code Annotated section 16-93-307(c)(1) (Repl. 2016), which states that "[t]he defendant has the right to counsel and to confront and cross-examine an adverse

witness unless the court specifically finds good cause for not allowing confrontation[.]" According to *Goforth*, the circuit court must balance the probationer's right to confront witnesses against grounds asserted by the State for not requiring confrontation. *Goforth*, 27 Ark. App. 150, 767 S.W.2d 537. First, the court should assess the explanation offered by the State for why confrontation is undesirable or impractical. *Id*. A second factor that must be considered is the reliability of the evidence that the State offers in place of live testimony. *Id*.

Responding to Pope's objection that he is not able to confront his reporting officer, the State explained that Officer Berry was qualified to testify because she had access to Officer Zimmerman's notes and documentation on Pope through the Arkansas Parole and Probation Office website. Once Pope invoked his confrontation rights, precedent required that the circuit court enforce those rights absent a specific finding of "good cause." However, the court did not make a good-cause finding; rather, it simply overruled Pope's confrontation–clause objections without explanation. We conclude that Pope did not waive this argument by not further insisting that the court make a specific finding as the State suggests. Thus, we hold that the Confrontation Clause was violated. *See Nelson v. State*, 2018 Ark. App. 324, 551 S.W.3d 417 (holding that defendant's confrontation rights were violated by officer's testimony regarding the cause of defendant's discharge from program when no one from the program testified); *see also Graham v. State*, 2010 Ark. App. 162 (holding that defendant's confrontation rights were violated by officer's testimony concerning defendant's delivery of drugs to a confidential informant when informant did not testify).

We are not persuaded by the State's argument that directs us to *Coon v. State*, 76 Ark. App. 250, 65 S.W.3d 889 (2001). There, we stated that when the record is silent regarding the circuit court's findings, our usual practice is to presume the court made all the findings necessary to support its ruling. *Coon* is distinguishable because it did not concern a probation revocation. Additionally, the language that the State relies on from *Coon* is dicta because the pertinent holding in that case is that a *pro se* pretrial motion by a defendant represented by counsel requires a ruling on the record by the trial court. *Coon*, 76 Ark. App. at 254, 65 S.W.3d at 892. Moreover, the statute states that the defendant has the right to confront an adverse witness "unless the court *specifically* finds good cause for not allowing confrontation," thus requiring an explicit finding. Ark. Code Ann. § 16-93-307(c)(1) (emphasis added).

Because we hold that the appellant's right to confront the witness was violated, we next must determine if the error was harmless. Error involving the Sixth Amendment right to confront witnesses is subject to a harmless-error analysis. *Green v. State*, 2015 Ark. App. 291, 461 S.W.3d 731. We conduct this analysis utilizing a variety of factors identified by our supreme court. These factors include the importance of the witness's testimony in the State's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and the overall strength of the State's case. *Id*. at 5, 461 S.W.3d at 734 (citing *Delaware v. Van Arsdall*, 475 U.S. 673 (1986); *Andrews v. State*, 344 Ark. 606, 42 S.W.3d 484 (2001)).

Here, Officer Berry testified that she was not personally present for any of the interactions between Pope and Officer Zimmerman and that she has had no personal contact with Officer Zimmerman. Thus, Officer Zimmerman's testimony was important to secure the case against Pope. The testimony was not cumulative because Officer Berry was the only person to testify. The State introduced Officer Zimmerman's notes, which included the recommendation to file a petition to revoke for failure to report, but Pope did not get to cross-examine Officer Zimmerman concerning these notes. The State's case was dependent on the testimony of Officer Zimmerman, who had personal interaction with Pope. After review, we hold that the error was not harmless.

Accordingly, we reverse and remand for further proceedings. *See Graham*, *supra*; *see also Goforth*, *supra*.

Reversed and remanded.

GRUBER, C.J., and VAUGHT, J., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.